In the Matter of CHRIST CELLA, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, June 28, 1984

APPEARANCES OF COUNSEL

*Richard deY. Manning* (*Andrew M. Calamari* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Francis V. Dow* and *Peter J. Dooley* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

Petitioner operates a restaurant in mid-Manhattan in New York City. The State Department of Taxation and Finance (department) audited the business in 1980 to determine whether petitioner had paid sufficient sales tax from September 1, 1976 to August 31, 1979. A "markup test" was initially employed on petitioner's bar sales. Based on the results of this test, the auditor determined that petitioner had underreported its bar sales and recommended an assessment against petitioner of $28,641.70, plus interest and penalties. Accordingly, the department assessed petitioner $42,686.89.

Petitioner challenged this assessment at a hearing before respondent, mainly on the ground that the auditor had underestimated the amount of liquor poured into each cocktail. Respondent ruled that the department could use the markup test, finding that reliable records from which the department could verify petitioner's sales were unavailable. Respondent concluded that petitioner failed to meet its burden of establishing that the department's determination should be overturned. Petitioner then requested respondent to vacate its decision, claiming adequate records from which its sales could have been determined were available to the auditor. This request was denied. Petitioner brought this proceeding to challenge respondent's decision that the markup test could be used and that the test produced accurate results. Special Term transferred the proceeding to this court.

The determination of respondent should be annulled. Section 1138 (subd [a], par [1]) of the Tax Law governs when external indices tests may be used. The statute provides that: "if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by the tax commission from such information as may be available. If necessary, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors." The department, however, may not use such external indices unless it is "virtually impossible to verify taxable sales receipts and conduct a complete audit" with available records (*Matter of Chartair, Inc. v State Tax Comm.*, 65 AD2d 44, 46; see, also, *Matter of Korba v New York State Tax Comm.*, 84 AD2d 655, mot for lv to app den 56 NY2d 502). Petitioner's contention that the department violated this rule by not requesting the records covering the three-year period, but rather proceeding directly to the markup test, has merit. The auditor testified that, "We do markup tests in approximately every restaurant to determine whether the particular restaurant has the proper records or not." This procedure violates *Chartair* (*supra,* p 47), where this court stated: "The honest and conscientious taxpayer who maintains comprehensive records as required has a right to

expect that they will be used in any audit to determine his ultimate tax liability." Consequently, the markup test could not be used unless petitioner's records were so insufficient that its sales could not be verified or such records were unavailable.

In the instant case, the auditor, in performing the markup test, calculated petitioner's liquor purchases and then increased that figure in accordance with an estimated markup. To arrive at the markup, the auditor determined the size and price of each individual drink through an interview with one of the bartenders. During the performance of this test, the auditor indicated his desire to see the register tapes for the test month (August), but was told they were unavailable at the time.

Respondent's argument that the register tapes were never provided is diminished by the weak and casual request made for them, and by the fact that the department never insisted they be provided. In fact, the auditor's information sheet indicated that the records available were in good condition and that all requested records were made available. Moreover, *Matter of Chartair, Inc. v State Tax Comm.* (*supra*) requires that the department request the tapes before commencing the markup test, for it is the lack of adequate records that authorizes the use of the test.

We find it unnecessary to reach any other issues raised in this proceeding.

The determination should be annulled, with costs, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

MAHONEY, P. J., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.