■ In the Matter of CARL J. LICATA et al., Doing Business as JIFFY MART, Petitioners, v RODERICK CHU et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales tax assessment against petitioners.

During the period under consideration, September 1, 1976 through August 31, 1979, petitioners operated two stores as a partnership; Hallmark Card Shop, a greeting card store, and Jiffy Mart, a grocery store. Petitioners also operated a second grocery store, Jiffy Mart II, through November, 1978.

In July, 1980, following an audit, a notice of determination and demand for sales and use taxes due in the amount of $32,048.07 plus interest was issued to petitioners for the period under review. After a hearing, the State Tax Commission sustained the notice of determination and demand for sales and use taxes issued in July, 1980. This CPLR article 78 proceeding ensued and was transferred to this court.

The sole issue presented in this proceeding is whether the use of a "test-period" audit to determine sales tax liability was arbitrary and capricious. In this regard, *Matter of Chartair, Inc. v State Tax Comm.* (65 AD2d 44, 46) instructs us that: "Although there is statutory authority for the use of a 'test period' to determine the amount of tax due when a filed return is incorrect or insufficient (Tax Law, § 1138, subd [a]), resort to this method of computing tax liability must be founded upon an insufficiency of record keeping which makes it virtually impossible to verify taxable sales receipts and conduct a complete audit [citations omitted]".

Respondents do not contend that petitioners did not maintain complete and, indeed, all required records. Rather, respondents' justification for use of a test-period audit was that it could not verify with the use of the cash register receipts maintained by petitioners that the numerous sales clerks properly categorized items sold as taxable or nontaxable. In our opinion, such concern, which could be expressed by respondents in most every retail situation, does not justify resort to a test-period audit. Indeed, it is undisputed that a complete, month-by-month audit could have been utilized herein with available records to verify taxable sales receipts and, thus, the accuracy of the sales clerks. This being the case, the *estimate* procedures adopted by respondents were arbitrary and capricious and lack a rational basis (*id.*; see, also, *Matter of Christ Cella v State Tax Comm.*, 102 AD2d 352). It should be noted that the record contains uncontradicted expert testimony to the effect that petitioners utilized, during the period in question, the type of cash register which is standard throughout their industry.

Finally, contrary to respondents' suggestion, the instant determination does not forbid the Department of Taxation and Finance from conducting an audit. Case law does not prohibit a detailed audit where, as here, complete records exist. The estab-

lished law only requires that: "The honest and conscientious taxpayer who maintains comprehensive records as required has a right to expect that they will be used in any audit to determine his ultimate tax liability" (*Matter of Chartair, Inc. v State Tax Comm., supra,* p 47; see, also, *Matter of Christ Cella v State Tax Comm., supra*). Under the circumstances presented herein, petitioners were entitled to have their tax liability calculated based upon a detailed audit of their records for the three-year period at issue (see *Names in The News v New York State Tax Comm.,* 75 AD2d 145). The determination should, therefore, be annulled.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.