In the Matter of ANNA GORDON, by LINDA ROSS, her Conservator, Appellant, v COMMISSIONER OF THE STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

Third Department, October 22, 1987

### APPEARANCES OF COUNSEL

*Martin Brickman* for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* of counsel), for Commissioner of the State of New York Department of Social Services, respondent.

*Eugene P. Devine (Thomas H. Flannery* of counsel), for Albany County Department of Social Services, respondent.

### OPINION OF THE COURT

CASEY, J.

On October 19, 1983, the 91-year-old petitioner sustained a fractured hip while being treated in the emergency room of St. Peter's Hospital in the City of Albany. She was then admitted to that hospital as an inpatient and remained there until January 9, 1984, when she was transferred to a nursing home in Albany where she still remains. In June 1985, petitioner obtained a judgment in the amount of $65,564.25 against St. Peter's Hospital for its negligence in causing her injury. After payment of the various liens and expenses, petitioner netted $24,430. On October 3, 1985, petitioner was notified by respondent Albany County Department of Social Services (hereinafter the local agency) that future medical assistance to her was to be discontinued effective October 14, 1985 due to an "overage in resources" *(see,* 18 NYCRR 360.5).

Having received a negative decision on her requested fair hearing before the local agency, petitioner appealed to respondent State Department of Social Services. At the hearing before an Administrative Law Judge, petitioner's counsel argued that the money petitioner had received from her lawsuit could not be considered income by the local agency in determining her eligibility for medical assistance since such proceeds were exempt pursuant to 18 NYCRR 360.5 (f) (1). This section provides that an income exemption be afforded recipients in chronic care for money "received [as] the result of a legal action against the chronic care facility due to improper and inadequate treatment" (18 NYCRR 360.5 [f] [1]

[i]). The local agency argued that petitioner was not in "chronic care" at the time her improper treatment occurred in St. Peter's Hospital and that the hospital could not, therefore, be considered a "chronic care facility" under 18 NYCRR 360.5 (f) (1). Following the hearing, respondent State Commissioner of Social Services affirmed the local agency's decision to discontinue petitioner's medical assistance. The Commissioner reached this conclusion by considering the regulation in question as implementing Public Health Law § 2801-d. Based on this reasoning, the Commissioner determined that the money petitioner received as damages from St. Peter's Hospital could not properly be considered as an exempt resource. Supreme Court confirmed this determination, deferring to the local agency's construction of the statute and regulations it administers where such construction is not irrational (see, Matter of Howard v Wyman, 28 NY2d 434).

On this appeal, petitioner argues that the Commissioner's determination is irrational insofar as it ignores the plain language of the regulation at issue, which encompasses a broader class of medical facilities than those covered by Public Health Law § 2801-d, and petitioner further submits that she has established the other requisite elements to an income exemption under 18 NYCRR 360.5 (f) (1). This regulation expressly provides that income received by a recipient in "chronic care" resulting from "a legal action against the chronic care facility due to improper and inadequate treatment" is exempt income for purposes of determining medical assistance if "the money is received after September 1, 1975" (18 NYCRR 360.5 [f] [1] [i], [ii]). "Chronic care" is defined in the regulations as "inpatient care in a medical institution after 60 days of continuous care in such institutions" (18 NYCRR 360.23 [k]). The term "medical institution", in turn, "means the following when operated in accordance with the provisions of the Public Health Law or other applicable law; any hospital, nursing home or infirmary in which medical assistance may be provided" (18 NYCRR 360.23 [j]). Thus, since the plain language of the regulations provides that "chronic care" can be received in a hospital, such as St. Peter's Hospital, it follows that St. Peter's Hospital can be a "chronic care facility" within the meaning of 18 NYCRR 360.5 (f) (1) and, therefore, the exemption can be applied to petitioner's damages received from St. Peter's Hospital if the other conditions of the regulation are fulfilled.

Despite the absence of any ambiguity, respondents urge that the regulations can be understood only by reference to Public

Health Law § 2801-d, which authorizes private actions against "residential health care facilities", and to the related definitions contained in Public Health Law § 2801. According to respondents, the damages referred to in 18 NYCRR 360.5 (f) (1) are limited to those recoverable from a "residential health care facility" pursuant to Public Health Law § 2801-d. Relying upon the definitions contained in Public Health Law § 2801, respondents take the position that St. Peter's Hospital is a "general hospital" (Public Health Law § 2801 [10]) and cannot be a "residential health care facility" (Public Health Law § 2801 [3]). Thus, respondents argue, the damages recovered by petitioner from St. Peter's Hospital are not those recoverable pursuant to Public Health Law § 2801-d and, therefore, the exemption contained in 18 NYCRR 360.5 (f) (1) is not applicable.

Assuming the validity of respondents' conclusion that a "general hospital" cannot be a "residential health care facility", there is no support in either the statute or the regulation for concluding that the damages referred to in 18 NYCRR 360.5 (f) (1) are limited to those recoverable pursuant to Public Health Law § 2801-d. Respondents seek to use the more narrow definitions contained in the statute to supplant the clear and unambiguous definitions of separate and distinct terms in the regulations. By resorting to a subtle and forced construction, respondents ignore the natural and most obvious sense of the regulation, thereby rendering meaningless its plain language. Such a construction is patently irrational *(see, Matter of Hudson Val. Nursing Center v Axelrod,* 130 AD2d 862; *Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801).

Although argued by the parties before the Commissioner, the Commissioner failed to address the issue of whether petitioner was in "chronic care" as defined in 18 NYCRR 360.23 (k) and whether St. Peter's Hospital was a "chronic care facility" in relation to petitioner at the relevant time to satisfy 18 NYCRR 360.5 (f) (1) *(see, Matter of Cabrini Med. Center v Axelrod,* 105 AD2d 569, 570-571). The determination must, therefore, be annulled and the matter remitted to the State Department of Social Services for further proceedings.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, with costs, determination annulled, and matter remitted to respondent State Department of Social Services for further proceedings not inconsistent herewith.