■ In the Matter of EFSTATHIOS ADAMIDES, Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents.—Harvey J. Proceeding pursu-

ant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is the president, director, and operator of a service station known as Adamides Service Station, Inc. (hereinafter the gas station). In November 1981, the Audit Division of the Department of Taxation and Finance scheduled a field audit of the gas station's sales tax returns. At the request of the Department, petitioner gave a power of attorney to his accountant, George Dounias, to act for the gas station regarding its sales tax liability. Although the power of attorney was silent as to the applicable tax years or periods, Dounias consented to extend the period of limitations for the assessment of sales tax against the gas station to include the period from December 1, 1978 to August 31, 1981 so long as a determination was made by December 20, 1982.

After reviewing the gas station's records, the Department's auditor determined that petitioner's books and records were incomplete, inaccurate and unreliable for the period from December 1, 1978 to November 30, 1981. The auditor thus turned to outside indices to calculate the tax due. By notice of determination dated December 20, 1982, the gas station and petitioner were assessed for delinquent taxes in the amount of $50,315.15, together with a fraud penalty of $25,157.58 and interest for the period from December 1, 1978 to May 31, 1982. Following a hearing, the State Tax Commission modified the assessment by canceling the fraud penalty, but otherwise sustained the assessment. This proceeding followed.

Petitioner contends that the notice of determination dated December 20, 1982 was untimely as to the assessments for the quarters ending February 28, 1979, May 31, 1979, August 31, 1979 and November 30, 1979. The Tax Commission argues that petitioner's accountant, acting under a power of attorney from petitioner, consented to the extension of the limitations period. With the exception of willfully false or fraudulent returns, no assessment for additional tax may be made after the expiration of more than three years from the date of filing a return (Tax Law § 1147 [b]). The taxpayer may, however, consent in writing before the expiration of the limitations period to an extension of that period (Tax Law § 1147 [c]). Petitioner's accountant agreed in November 1981, before the expiration of the limitations period as to the 1979 assessments, to extend the limitations period. The accountant was

acting under the authority granted to him by a power of attorney from petitioner.

With respect to the use of a power of attorney, the Tax Commission has prescribed that the power of attorney *clearly* describe the proceeding in which the attorney or agent is authorized to represent the taxpayer and *the taxable year or period involved therein"* (20 NYCRR 600.5 [emphasis supplied]). An agency is bound by the clear wording of its own regulations and cannot, by interpretation, render the regulation meaningless *(Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801; *Matter of International Harvester Co. v State Tax Commn.,* 58 AD2d 125, 127). Here, the power of attorney did not indicate that petitioner's accountant had authority to act for the relevant taxable period. Thus, the power of attorney was inadequate under the Tax Commission's own regulations. This argument was raised in the administrative hearing and is properly before this court. Accordingly, we conclude that petitioner's accountant did not have authority to extend the Statute of Limitations beyond the period specified in the power of attorney.

An issue still remains as to whether petitioner is liable for taxes imposed for the quarter ending November 30, 1979. The last date for filing sales tax returns for this period was December 20, 1979. Pursuant to Tax Law § 1147 (b), a return filed before the last day prescribed by law for filing is deemed filed on the last day for purposes of calculating the Statute of Limitations. Further, it is the date the Tax Commission mails the notice of determination which is relevant to the timeliness issue (Tax Law § 1147 [a] [1]). Here, the notice of determination was dated December 20, 1982, within three years of the last date for filing returns for the quarter ending November 30, 1979. Petitioner contends, however, that it raised an issue as to the timeliness of this assessment and that it was thus incumbent upon the Tax Commission to prove that the notice was mailed in a timely fashion. The assertion of the Statute of Limitations in a tax proceeding is an affirmative defense *(Matter of Convissar v State Tax Commn.,* 69 AD2d 929, 930), and the burden of proof is thus on the one asserting it *(see generally,* Siegel, NY Prac § 223, at 268). As to this specific issue, petitioner merely asserted the Statute of Limitations in broad terms and the Tax Commission denied the allegation, stating in its answer that the "assessment was timely issued on December 20, 1982". The issue was not pursued at the hearing. We thus conclude that petitioner failed to adequately establish that the assessment for the quarter ending Novem-

ber 30, 1979 was time barred *(see, Matter of Maplecrest Sausage Co. v Tully,* 67 AD2d 329). Consequently, only the assessments for the quarters ending February 29, 1979, May 31, 1979 and August 31, 1979 were barred by the Statute of Limitations.

The only other issue meriting consideration is petitioner's assertion that the Tax Commission erroneously relied on external indices for the quarters ending February 28, 1982 and May 31, 1982. For these two quarters, which occurred after the Audit Division had commenced its investigation of petitioner, the gas station maintained better records. Further, the Tax Commission's finding that petitioner's books and records were inadequate was for the period from December 1, 1978 to November 30, 1981. Yet, the auditor testified that he did not request petitioner's books for the periods following November 30, 1981. He simply applied the same percentage of error used for the prior periods to these two quarters. Where a taxpayer has maintained adequate books, the auditor cannot ignore them and instead rely on external indices *(see,* Tax Law § 1138 [a] [1]; *Matter of Christ Cella, Inc. v State Tax Commn.,* 102 AD2d 352). It is uncontroverted that the Tax Commission failed to request petitioner's books for the final two quarters of the audit, a period during which petitioner asserts adequate books were maintained. Hence, we conclude that the assessment as to the two quarters ending February 28, 1982 and May 31, 1982 must be annulled and the matter remitted for further proceedings.

Determination modified, without costs, by annulling so much thereof as involved quarters ending February 28, 1979, May 31, 1979, August 31, 1979, February 28, 1982 and May 31, 1982; matter remitted to respondents for further proceedings not inconsistent herewith involving quarters ending February 28, 1982 and May 31, 1982; and, as so modified, confirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.