BLANCHE B. McCHEYNE, Appellant, v TOMPKINS COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent.

Third Department, March 28, 1991

**APPEARANCES OF COUNSEL**

*Glenn G. Galbraith* for appellant.

*Robert C. Mulvey* for respondent.

OPINION OF THE COURT

MERCURE, J.

Plaintiff is a 33-year-old woman with three dependent children. Since 1974, plaintiff's sole source of income has been Aid to Families with Dependent Children and related programs. Plaintiff's mother and father each died intestate during a six-month period in 1987. In each case, plaintiff promptly notified defendant of her parent's death and of the possibility that she would receive a distribution from the estate.

In August 1986, the State Department of Social Services sent an administrative directive to all local districts advising them of a stipulation entered into in another matter *(Woodruff v Perales,* US Dist Ct, WD NY, Jan. 10, 1986, Curtin, J.) and its impact on what is known as the "lump-sum rule" *(see,* 18 NYCRR 352.29 [h]). According to the directive, local districts, such as defendant, upon learning that a recipient is expecting to receive lump-sum income, "must now provide a standardized notice * * * advising [the recipient] of the impact the receipt of a lump sum payment would have on [his or her] continued eligibility for assistance". The notice, in turn, advises recipients of their options with respect to the treatment of lump-sum payments such as inheritances. Basically, the recipient may either elect to keep the payment and have his or her case closed for a specified period of time or, alternatively, turn over the payment to be applied against past assistance, in which event the recipient's case remains open.

The administrative directive notwithstanding, defendant failed to provide plaintiff with the required notice. Instead, in January 1989, defendant filed a document claiming a lien on the inheritances for public assistance furnished to plaintiff from the date of the first death until the date of filing. Plaintiff thereafter commenced suit seeking dissolution of the liens, and defendant answered and asserted a counterclaim seeking $9,115.56, the amount allegedly owed to defendant by plaintiff for past assistance. Both parties subsequently moved for summary judgment. Supreme Court found no statutory authority for the liens and, accordingly, discharged them. Concluding, however, that the lump-sum rule did not represent the exclusive method for treating "windfall" payments and that defendant could properly recover such funds under

Social Services Law § 104 (1),* Supreme Court granted defendant's motion for summary judgment on the counterclaim. Plaintiff now appeals.

Plaintiff argues on appeal that resort to a Social Services Law § 104 action effectively allows defendant to circumvent the application of the lump-sum rule and deprives her of her election with respect to the treatment of her inheritances. Defendant argues that while plaintiff was found to "have" property under section 104 because the right to inherit is clearly a property interest, she was not found to have "received" such property under 42 USC § 602 (a) (17) and 18 NYCRR 352.29 (h) inasmuch as the proceeds from the estates had yet to be distributed. Thus, defendant's argument continues, plaintiff could not avail herself of the lump-sum rule but was subject to a proceeding under section 104.

Whether a recipient can be found to "have" property under Social Services Law § 104 before it is "received" pursuant to the lump-sum rule is problematic. We need not, however, decide that issue because, in our view, the *Woodruff* stipulation and the Department's implementing administrative directive limit the authority of local districts to seek recoupment under section 104. The *Woodruff* stipulation and State regulations, both of which specifically identify inheritances as lump-sum income, make clear that neither "having" nor "receiving" is the event that activates the lump-sum rule. Rather, according to the Department's administrative directive, the lump-sum rule is effective "when the district learns that a recipient is expecting to receive lump sum income". It is at that point that local districts are obliged to provide the required notice. Thus, defendant's duty to give plaintiff notice of her options arose when plaintiff informed defendant of her expectation of receiving lump-sum income, some two years before defendant employed section 104.

Defendant's argument that the *Woodruff* notice requirement should be interpreted as applying only where there has been a termination of benefits is illogical and finds no support in the plain language of the *Woodruff* stipulation. We, therefore, reject the claim that the failure to give notice is of no moment

---

* Social Services Law § 104 (1) provides, in pertinent part, as follows: "A public welfare official may bring action or proceeding against a person discovered to have real or personal property * * * if such person * * * received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care."

if the recipient continues to receive benefits. Moreover, we reject as irrational defendant's interpretation of Social Services Law § 104 as providing a basis for recoupment prior to receipt, following notice to the local district that the recipient expects to receive lump-sum income *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438), given the clear wording of the *Woodruff* stipulation and the administrative directive *(see, Matter of Broome County v New York State Bd. of Equalization & Assessment,* 145 AD2d 153, 157-158; *Matter of Gordon v Commissioner of State of N. Y. Dept. of Social Servs.,* 131 AD2d 96, 99).

Finally, defendant's reliance upon *Matter of Lutz v Amrhein* (151 AD2d 672) is misplaced. In *Lutz,* as a condition for the receipt of benefits, the recipient entered into two agreements with the local district during the pendency of his appeal for supplemental security income benefits, authorizing reimbursement if his appeal was successful.

MAHONEY, P. J., CASEY, LEVINE and HARVEY, JJ., concur.

Order and judgment reversed, on the law, with costs, defendant's motion denied, plaintiff's motion granted and summary judgment awarded to plaintiff.