■ In the Matter of JAMES A. KRAUSKOPF, as Commissioner of the New York City Human Resources Administration, et al., Respondents, v CESAR PERALES, as Commissioner of the

New York State Department of Social Services, et al., Appellants.—Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.) entered June 1, 1990, which, *inter alia,* granted the petition brought pursuant to CPLR article 78, voided an audit of respondents and ordered respondents to reimburse petitioners $18,266,412, unanimously modified on the law to delete Paragraph 5 of the judgment and to permit respondents to retain the sum of $7,799,757.90, and otherwise affirmed, without costs.

Petitioners challenged the State's audit of their State-charge claims for the period from January 1, 1976 through June 30, 1981, in which auditors found that the State had overpaid the City $18,266,412 for its provision of public assistance to needy individuals who were wrongly claimed to be the State's responsibility under Social Services Law § 153. Local social service districts such as the City are required to bear part of the cost of Home Relief and Aid to Dependent Children. However, Social Services Law § 62 (3) provides for reimbursement by the State for the full cost of assistance to recipients who are "state charge[s]", i.e., needy persons without a State residence (Social Services Law § 2 [19] [a]). Social Services Law § 117 (1) defines a State resident as one who has resided continuously in the State for one year.

To determine who is a "State charge", the State Department of Social Services promulgated 18 NYCRR 310.1, which requires the local social service district to obtain detailed information regarding former residence, mandating that "[v]erification of State-charge status shall be initiated immediately by interview and/or correspondence." (18 NYCRR 310.1 [g].) The State interpreted the regulation as requiring verification from a source other than the applicant, and conducted an audit, pursuant to which 90% of the reviewed claims were found not in compliance with the regulation. After the City reviewed 50 claims and substantiated the status of some, the audit was adjusted downward, and the City was found to have been overpaid $18,266,412.

The City brought this article 78 proceeding to challenge the audit, contending, *inter alia,* that verification from an independent source was not necessary. The court rejected the State's interpretation of the regulation, which would require verification by interview or correspondence with persons other than the applicant in instances where the applicant submitted sufficient documentation demonstrating his or her status. The court held that the State misinterpreted Social Services Law § 117 (1) in requiring the City to prove the applicant lived

continuously outside the State for one year, holding that continuous absence was not necessary. The judgment effectuated the decision and further found the audit to be void and without legal effect.

While the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749), where, as here, the construction advanced is irrational or unreasonable, the court will properly reject that construction in favor of one consistent with the plain language of the statute or regulations *(Matter of Gordon v Commissioner of State of N. Y. Dept. of Social Servs.,* 131 AD2d 96). Here, the State's construction requiring verification from an interview or correspondence with an out-of-State person was unreasonable, since logical alternative methods, including review of documentation provided by the applicant, would often be sufficient. However, we do not agree that it was unreasonable to require some documentation as to status, and thus the court was in error in voiding the audit in its entirety. The judgment should thus be modified to permit retention by the State of the payments for the 42.7% of cases where there was no documentation of State-charge status. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ. *[See,* 146 Misc 2d 619.]