■ THOMAS P. HOKE, as Commissioner of Broome County Department of Social Services, Respondent-Appellant, v ANGELA ORTIZ, Appellant-Respondent, and CENESKY, ALENIK, STEFANSKI & POOL, Respondent. [597 NYS2d 801] —Weiss, P. J. Cross appeals from an order of the Supreme Court (Smyk, J.), entered June 11, 1992 in Broome County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

From approximately July 1987 through February 1992, defendant received public assistance from the Broome County Department of Social Services (hereinafter DSS) on behalf of herself and her three children. Following an automobile accident in October 1991, defendant retained the law firm of Cenesky, Alenik, Stefanski & Pool (hereinafter the law firm)

to represent her in an action to recover damages for the personal injuries she allegedly sustained. Defendant signed a retainer agreement on October 28, 1991 providing for payment of one third of "any settlement, verdict or recovery had in said action". The law firm was pessimistic on any eventual recovery because of the possibility of defendant's culpable conduct. Allegedly, as a result of these doubts, when defendant was interviewed by DSS in January 1992 for a recertification of benefits, she did not inform the interviewer that she had retained attorneys or was pursuing a personal injury action.[1] On February 25, 1992, prior to the commencement of a lawsuit, and unbeknown to defendant, the law firm negotiated a settlement offer of $50,000. In the interim, DSS learned of defendant's claim and notified the insurance company that it had an interest in the settlement proceeds with the result that DSS was named as an additional payee on the settlement check,[2] preventing negotiation of the check.

Plaintiff commenced this action alleging that defendant failed to disclose the personal injury settlement to DSS and that, as a preferred creditor pursuant to Social Services Law § 104, plaintiff was entitled to recover out of the settlement proceeds. Following joinder of issue, both parties cross-moved for summary judgment. Supreme Court found, *inter alia,* that plaintiff could proceed under Social Services Law § 104 to recover the proceeds but could not prevail over the law firm and awarded plaintiff judgment against defendant for $33,217.09 and established the law firm's fee at $16,782.91. These cross appeals ensued.[3]

In our view, Supreme Court inappropriately found that the "lump sum" rule described in Social Services Law § 131-a (12) and 18 NYCRR 352.29 (h) did not abridge plaintiff's right to proceed against defendant in a Social Services Law § 104 action in this case. Notably, this Court's decision in *McCheyne v Tompkins County Dept. of Social Servs.* (165 AD2d 470) similarly involved a recipient of public assistance benefits who

1. Specifically, defendant checked the box "No" on the DSS form where it was asked whether she "expects to receive a * * * lawsuit settlement".

2. DSS apparently falsely informed the insurance company that it had a lien on the settlement proceeds although it is undisputed that no formal lien pursuant to Social Services Law § 104-b was filed and no action pursuant to Social Services Law § 104 was commenced at this time.

3. The law firm has submitted a brief to this Court as an interested party. It addresses only the issue of whether plaintiff had a superior right to that portion of defendant's recovery that was to be paid to the law firm pursuant to the retainer agreement.

became aware that she would receive an inheritance constituting a nonrecurring lump sum. The social services agency instituted an action pursuant to Social Services Law § 104 against the recipient without notifying her of an option pursuant to the so-called *"Woodruff* stipulation" *(see, Woodruff v Perales,* US Dist Ct, WD NY, Jan. 10, 1986, Curtin, J.) (as embodied in the defendant's own administrative directive) to either keep the payment and have her case closed for a specified period of time or, alternatively, to surrender the payment to the agency and have it applied against past assistance, in which event her right to benefits would continue. In *McCheyne,* this Court examined the defendant's failure to give the required notice and rejected the agency's claim that Social Services Law § 104 provided a basis for recouping unreceived moneys once the agency had been notified of the impending windfall *(McCheyne v Tompkins County Dept. of Social Servs., supra,* at 473). This Court dismissed the Social Services Law § 104 claim.

Here, we similarly find that plaintiff's recoupment action must be dismissed. The New York lump-sum law *(see,* L 1985, ch 42, § 10) was implemented to conform to Federal legislation *(see,* Governor's Mem, 1985 NY Legis Ann, at 54), which was itself enacted specifically to encourage public assistance recipients to budget lump-sum income so that such persons could employ the windfall themselves to address family needs in lieu of continuation of welfare payments *(see, Gardebring v Jenkins,* 485 US 415, 422, n 9). As stated in *McCheyne v Tompkins County Dept. of Social Servs. (supra,* at 472), a lump-sum rule is effective when the applicable agency learns of a recipient's expectation of the receipt of such income, and the origin of such knowledge should not necessarily be the determinative factor because the rights of the agency are automatically preserved when notice is received. Had defendant received her money and failed to inform DSS, it would have made no difference because DSS knew of the windfall and could, therefore, simply presume that defendant had formally chosen to receive her money and discontinue her benefits for the corresponding number of months under the lump-sum law. We disagree with Supreme Court's conclusion that a social services agency can arbitrarily choose whether to apply the lump-sum law. 18 NYCRR 352.29 (h) specifically targets personal injury awards within its purview and DSS' own rules clearly inform public assistance recipients of their right to elect to either keep or hand over their windfall. Plaintiff presents no persuasive reason why these requirements should

not have been followed in the instant case. Therefore, that part of the order granting partial summary judgment to plaintiff must be reversed.

Finally, we examine the propriety of Supreme Court's determination that the law firm was entitled to recover counsel fees from the proceeds of the settlement. We note at the outset that while "the rendition of services by an attorney gives rise to nothing more than a contract claim, express or implied, by the attorney against his [or her] client" *(People v Keeffe,* 50 NY2d 149, 155), the situation changes when a retaining or charging lien is involved. The law firm correctly asserts that it had a valid retaining lien on the proceeds of the settlement the moment it came into possession of the insurance company check on February 25, 1992 *(see,* 7 NY Jur 2d, Attorneys at Law, § 171, at 87; §§ 172-173, at 89-92). On an application by an attorney to a court to fix a fee, the attorney may satisfy his or her claim for services out of funds in his or her possession "where there are no other funds of the client available" (7 NY Jur 2d, Attorneys at Law, § 173, at 91-92). In this case, given the undisputed retainer agreement, the fact that both defendant and the law firm agree on the amount of the fee and urge its enforcement, and the fact that she has no other funds available from which to make payment, we treat the law firm's brief as an application to fix its fee and will not disturb Supreme Court's order to that extent. We take this action solely for the purpose of preventing the failure of the law firm to have protected its own interests by filing a Judiciary Law § 475-a notice from prejudicing defendant by leaving her with a debt she could not possibly pay. In that way, because defendant will only receive a net of $33,217.09, DSS will properly calculate her windfall on that amount. Despite plaintiff's contrary contention, it is clear that the Legislature did not intend that attorneys be deprived of their fees in these circumstances *(cf.,* Social Services Law § 104-b [9]).

Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for summary judgment and partially granted plaintiff's motion for summary judgment; motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.