[605 NYS2d 499]

In the Matter of NEW YORK STATE CLINICAL LABORATORY ASSOCIATION, INC., Respondent, v GREGORY KALADJIAN, as Acting Commissioner of Social Services of the State of New York, Appellant.

Third Department, December 16, 1993

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock of counsel),* for appellant.

*Harter, Secrest & Emery,* Rochester *(Thomas G. Smith of counsel),* for respondent.

## OPINION OF THE COURT

MAHONEY, J.

At issue in this appeal is the validity of an October 17, 1991 amendment (eff Jan. 1, 1992) to 18 NYCRR 505.7 which changed the Medicaid payment methodology for certain diagnostic laboratory tests performed by independent laboratories. In general, laboratory tests can be ordered either singularly or in panels or profiles. The latter two, as their names suggest, involve various groupings of related tests; panels refer simply to groups of tests on a single specimen performed simultaneously on a single piece of equipment and profiles involve groups of tests related to assessing the function of a particular body organ or a tissue. Profiles involve several specimens and are performed on different pieces of equipment. Over the years, panels and profiles have been marketed aggressively by independent clinical laboratories and, in an effort to make them more attractive to ordering physicians, always appear as a single listing on a laboratory test order form (e.g., basic profile, cardiac profile, liver profile). Prior to promulgation of the regulation at issue in this case, independent laboratories performing panels and profiles for Medicaid-eligible patients were reimbursed under the Medicaid program at the same

rate for which each component test would have been reimbursed had it been ordered separately.

Concerned that the increasing practice of ordering diagnostic tests in panels and profiles rather than singularly was resulting in the performance of medically unnecessary tests, especially in view of the large number of component tests included in a profile (some of the profiles include 15 tests, certain of which are panel tests), the Department of Social Services (hereinafter DSS) began an investigation. Investigation revealed, among other things, that the diagnostic tests included within a particular panel or profile largely are selected by the laboratory and that physicians ordered profiles and panels primarily as a matter of convenience, their main concern being only one or two of the component tests. Determining that this was resulting in the performance of costly, medically unnecessary tests inuring to the financial benefit of the independent laboratories at taxpayer expense, DSS amended 18 NYCRR 505.7. Under the amendment, "[p]ayment for laboratory services provided by independent laboratories" was to be made "only for individually ordered tests"; no payment would be made "for tests ordered as groupings or combinations of tests or for individual tests ordered on a laboratory order form issued by an independent laboratory which also contains an order for one or more groups or combinations of tests" (18 NYCRR 505.7 [g] [4]).

Petitioner, an association of independent laboratories, was a vocal opponent of the amendment throughout its promulgation process. Perceiving ambiguities in the language, it requested an interpretation, namely, whether tests could be ordered by informally grouping them together under a profile heading as long as each component test is ordered individually and whether panels could be ordered as a single test. With regard to the first question of groupings, DSS indicated that: "the use of [American Medical Association] approved testing categories as provided in CPT-4 such as urinalysis, chemistry and toxicology, hematology, immunology, and microbiology *(exclusive* of categories which are panel/profile related such as automated multi-channel tests and organ or disease oriented panels) or a listing of procedures under the laboratory's Health Department approved permit categories *will be considered acceptable* to [DSS]. However * * * all tests included under a category must be individually ordered by the physician" (emphasis supplied). With regard to the second question,

DSS clarified that the individual test requirement applied to both panels and profiles.

Believing that 18 NYCRR 505.7 (g) (4) violated the Equal Protection Clauses of the Federal and State Constitutions inasmuch as it applied only to independent laboratories and not to hospital-based laboratories, that it was arbitrary and capricious and that DSS' subsequent interpretation of it was inconsistent with its plain language, petitioner commenced the instant proceeding against respondent to declare the amendment invalid and to enjoin its enforcement. While Supreme Court found the amendment to have a rational basis, the court concluded that it violated the Equal Protection Clauses and that DSS' interpretation was in disharmony with the amendment and its administrative history which, according to the court, do not prohibit laboratories from grouping individual tests in any particular manner. Respondent appeals.

■ While we agree with Supreme Court that the regulation is not arbitrary and capricious, we cannot concur in its conclusion that it runs afoul of the Equal Protection Clauses. Inasmuch as petitioner concedes that clinical laboratories do not constitute a suspect class and that the regulation does not impermissibly interfere with the exercise of a fundamental right, all that must be shown in order to pass muster under an equal protection analysis is a rational basis to support the classification or, put another way, the presence of some conceivable and legitimate State interest in distinguishing between independent laboratories and hospital laboratories *(see, e.g., Maresca v Cuomo,* 64 NY2d 242, 250-252, *appeal dismissed* 474 US 802). A review of the record establishes that this test is satisfied here. The purpose sought to be achieved by the regulation is to prevent abuse of the Medicaid system through the ordering of unnecessary tests. Its focus upon independent laboratories is based upon the fact that they pose the most serious threats of abuse inasmuch as they account for 93% of Medicaid-reimbursed laboratory costs and evidence establishes that most of the abuses stem from them as opposed to hospital-based laboratories. It seeming evident that the regulation's focus on independent laboratories is based upon the proportion they contribute to the problem and it being clear that such is a valid basis for disparate treatment, we discern no equal protection violation *(see, Williamson v Lee Opt. Co.,* 348 US 483, 489; *Forti v New York State Ethics Commn.,* 75 NY2d 596, 613; *Hymowitz v Eli Lilly & Co.,* 73

NY2d 487, 515-516, *cert denied* 493 US 944; *Sisario v Amsterdam Mem. Hosp.,* 159 AD2d 843, *appeal dismissed* 76 NY2d 844).

While we thus find the challenged regulation to be in all respects valid, we do find merit in petitioner's argument that DSS' interpretation of it as permitting independent laboratories to group tests on order sheets only in categories approved by the American Medical Association or the State to be irrational. While, concededly, an agency is accorded wide latitude in interpreting its own regulations, its interpretation must have " ' " 'warrant in the record' and a reasonable basis in law" ' " *(Matter of Howard v Wyman,* 28 NY2d 434, 438, quoting *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104, 108, quoting *Board v Hearst Publs.,* 322 US 111, 131). To this end, an agency is bound by the language of its own regulation and cannot construe it in such a way as to render the plain language meaningless *(Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244, 247). Here, 18 NYCRR 505.7 (g) (4) states that payments will not be made for tests "ordered as groupings or combinations of tests" and that each "test must be separately ordered". It contains no prohibition of any particular grouping on laboratory order forms and, in fact, DSS had stated previously that the amendment would not require any change in the groupings of tests on an order form as long as they were ordered individually. While respondent argues that the interpretation is rational in that it furthers the intent to discourage overutilization of laboratory tests, in our view such an interpretation, as it significantly alters the language of the regulation and is in disharmony with its administrative history, cannot stand *(cf., Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health,* 190 AD2d 197; *Berger v New York State Dept. of Social Servs.,* 181 AD2d 12).*

■ Finally, given our conclusion that petitioner was not denied any constitutional right, there is no basis for an award of counsel fees pursuant to 42 USC § 1988 *(see, Cooper v Morin,* 49 NY2d 69, 83, *cert denied sub nom. Lombard v Cooper,* 446 US 984). Nor are we persuaded under these circumstances that petitioner is entitled to counsel fees under CPLR article 86.

---

* We note in this regard, however, that notwithstanding our holding respondent is free to revise the regulation to incorporate restrictions on the manner in which tests are grouped.

WEISS, P. J., MERCURE, CARDONA and WHITE, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared 18 NYCRR 505.7 (g) (4) to be invalid and awarded counsel fees to petitioner; it is declared that that said regulation has not been shown to be invalid or unconstitutional; and, as so modified, affirmed.