[607 NYS2d 179]

MENTAL HYGIENE LEGAL SERVICE, on Behalf of DEAN DEAN-GELO and Others, Appellant, v MARIO CUOMO, as Governor of the State of New York, et al., Respondents.

Third Department, February 3, 1994

APPEARANCES OF COUNSEL

*Bruce S. Dix, Mental Hygiene Legal Service,* Albany *(Sheila E. Shea* and *Veronica D. Pierce* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* Albany *(Troy Oechsner* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J.

Plaintiff commenced this action on behalf of seven patients confined at Capital District Psychiatric Center in the City of Albany seeking declaratory and injunctive relief alleging that the patients had been secluded in violation of 14 NYCRR 27.7 (b). That regulation prohibits the seclusion of mentally retarded patients. After defendants answered, plaintiff moved for partial summary judgment. In response, defendants submitted evidence demonstrating that the patients had been diagnosed as suffering from both mental retardation and mental illness, together with the affidavit of the chief medical officer of the Office of Mental Health (hereinafter OMH), who averred that OMH interprets the prohibition contained in 14 NYCRR 27.7 (b) as not applying to individuals with a dual diagnosis of mental illness and mental retardation. Supreme Court denied plaintiff's motion and granted partial summary judgment to defendants declaring that 14 NYCRR 27.7 (b) did not apply to patients with multiple diagnoses. This appeal by plaintiff ensued.

The construction given to a particular regulation or statute by the agency in charge of its administration will be upheld if not irrational or unreasonable *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691) and the agency's interpretation is entitled to great weight *(see, Matter of Herzog v Joy,* 74 AD2d 372, 375, *affd* 53 NY2d 821). Furthermore, where the interpretation of a regulation or its application involves knowledge and understanding of the underlying operational practices or entails an evaluation of factual data and the inferences to be drawn therefrom, the courts will defer to the agency charged with the responsibility for administration of the regulation at issue *(cf., Matter of Burger King v State Tax Commn.,* 51 NY2d 614, 621; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). However, it is also axiomatic that a regulation should be construed in its natural and most obvious sense and that an agency is bound by the clear wording of its own regulation *(see, Matter of Broome County v New York State Bd. of*

*Equalization & Assessment,* 145 AD2d 153, 157-158; *Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801). Furthermore, if the agency's interpretation runs counter to the clear wording of the regulatory provision, it should not be given any weight *(cf., Kurcsics v Merchants Mut. Ins. Co., supra,* at 459).

Here, the regulation is abundantly clear. It provides that "[s]eclusion * * * shall not be used with the mentally retarded" (14 NYCRR 27.7 [b]). While we agree with defendants that the intraagency correspondence of OMH are not adjudicatory administrative determinations or published policy directives requiring an explanation for the contrary interpretation made here *(see, Matter of Lafayette Stor. & Moving Corp. [Hartnett],* 77 NY2d 823; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206), it is of note that the author of one such letter observed that "[t]he regulation is quite clear * * * [t]hus, *whenever* you have a mentally retarded patient, whether or not the patient is also mentally ill, you must not use seclusion" (emphasis in original). We agree that the regulation is clear and plainly prohibits the use of seclusion with a mentally retarded patient, whether or not there exists a dual diagnosis. If, as the chief medical officer of OMH asserts, significant progress has been made in understanding the interaction between mental illness and mental retardation such that seclusion is presently appropriate for such dual-diagnosed patients, then the remedy is to amend the regulations, not to "interpret" the existing regulation in a manner contrary to its clear and explicit language.

CARDONA, P. J., MIKOLL, MERCURE and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, motion granted, plaintiff is awarded summary judgment on its second cause of action and it is declared that defendants' practice of secluding the mentally retarded patients involved in this action has been in violation of 14 NYCRR 27.7 (b).