*552 OPINION OF THE COURT
Thomas W. Keegan, J.
Petitioners, Libertarian Party candidates for State-wide office in the general election to be held on November 8, 1994, commenced this proceeding pursuant to article 16 of the Election Law, seeking an order declaring the independent nominating petition filed with respondent New York State Board of Elections valid and legally effective, and directing the New York State Board of Elections to certify and place the name of petitioners on the general election ballot.
The present controversy stems from the nomination of Howard Stern as the Libertarian candidate for Governor. Although named on the independent nominating petition at issue, Stern timely declined the nomination on August 10, 1994. Petitioner Robert Schulz was officially substituted as candidate for Governor by the Committee to Fill Vacancies on August 29, 1994. The independent nominating petition as filed on August 23, 1994 purported to contain a total of 17,234 signatures. On August 29, 1994, general objections to the petition were received by the Board, and on September 1, 1994, respondent^ Jerry W. Williams filed specifications to those objections challenging the validity of the petition pursuant to Election Law § 6-154, and served copies of the specifications of objections on the above-named petitioners.
After first overruling the candidates’ challenge pursuant to the Rules of the State Board of Elections (9 NYCRR) § 6204.1 (b), a determination was made by the State Board of Elections upholding the objections and invalidating the independent nominating petition of the Libertarian Party and the petitioners’ independent nominations as candidates of such party.
In the instant proceeding, petitioners again claim that respondent/objector Williams failed to comply with the explicit provisions of 9 NYCRR 6204.1 (b) by neglecting to serve a copy of the specifications of objections on Howard Stern, who was listed on the petition as the Libertarian candidate for Governor. Petitioners argue that because section 6204.1 (b) states that "[n]o specifications of objections to any petition will be considered by the board unless the objector filing the specifications personally delivers or mails by registered or certified mail a duplicate copy of the specifications to each candidate for public office named on the petition,” Williams’ failure to serve Stern deprived the State Board of Elections of jurisdiction to hear and adjudicate the administrative challenge to the petition.
*553 Respondents, in turn, argue that the State Board of Elections’ determination to overrule the candidates’ challenge pursuant to section 6204.1 (b) was a rational and reasonable reading of the rule as Howard Stern, whose certificate of declination was received by the State Board of Elections on August 12, 1994, was no longer a candidate for public office on September 1, 1994, the date the specifications were served on the petitioners candidates.
Respondents contend that Stern’s opportunity to accept the nomination set forth in the independent nominating petition expired on August 26, 1994, and that Robert Schulz had indeed filed his acceptance on that date. Schulz had been substituted as the Libertarian candidate for Governor on documents received at the State Board of Elections on August 29, 1994, and, therefore, respondents argue, section 6204.1 (b) required notice of the specifications of objections that were filed on September 1st be provided to Robert Schulz, and not Howard Stern.
Although the cases proffered by the petitioners seem at first glance to support their argument that the determination of the Board based upon specifications not duly served was improper, they can be distinguished. In those cases, the actual candidates for office or a true member of the committee were not served copies of the specifications. (See, Matter of Bennett v Justin, 51 NY2d 722; Matter of Maniscalco v Power, 3 NY2d 918.) Here, the actual candidates for office were served.
Although "it is axiomatic that a regulation should be construed in its natural and most obvious sense and that an agency is bound by the clear wording of its own regulation” (Mental Hygiene Legal Serv. [DeAngelo] v Cuomo, 195 AD2d 189, 190-191), courts should not blindly construe "the rules or regulations of an administrative agency in a manner which thwarts the obvious legislative intent and reaches unreasonable, absurd and unexpected consequences” (citations omitted). (Matter of Allstate Ins. Co. v Libow, 106 AD2d 110, 114.) Furthermore, the construction given to a regulation by the agency in charge of its administration will be upheld if not irrational or unreasonable. (Matter of Johnson v Joy, 48 NY2d 689, 691.)
To hold the State Board of Elections to a "literal” interpretation of section 6204.1 (b), and insist on the necessity of notice to Howard Stern, the former, albeit "named,” candidate, notwithstanding notice to Robert Schulz the substituted *554 and actual candidate, would ignore the obvious intent of the regulation, and condition the Board’s jurisdiction on an illogical and meaningless act.
Accordingly, the petition is dismissed and the relief requested therein is in all respects denied.