In the Matter of ROGER HICKS, Appellant, v RAUL RUSSI, as Commissioner of the New York State Division of Parole, et al., Respondents. [632 NYS2d 341] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner, a parolee, appeals from a judgment dismissing his CPLR article 78 petition seeking injunctive relief. Petitioner seeks to preclude respondent parole authorities from interfering with his work on criminal cases as a paralegal and his efforts to sell his book directly to prison inmates. Petitioner contends that respondents' attempts to restrict his pursuits as a paralegal and author/publisher are illegal, arbitrary and capricious, and a violation of the First Amendment and Due Process Clause.

We conclude that respondents' interpretation of the applicable regulation, 9 NYCRR 8003.2 (g), is arbitrary and capricious. The regulation provides that petitioner may "not be in the company of or fraternize with any person he knows to have a criminal record", with four discrete exceptions for "accidental encounters in public places, work, school or in any other instance with the permission of his parole officer" (9 NYCRR 8003.2 [g]). It is well settled that the interpretation of a regulation by the agency responsible for its promulgation and enforcement is not entitled to deference where that interpretation is irrational or unreasonable (see, Matter of Howard v Wyman, 28 NY2d 434, 438, rearg denied 29 NY2d 749). Here, respondents distort the regulation by interpreting it to bar any "direct contact" between criminals that may lead to the "possibility of fraternization." Further, respondents erroneously interpret the regulation to permit only "accidental" or "incidental" work-related contact.

As we interpret the regulation, respondents may not prohibit petitioner from advertising or selling his book to inmates by direct mail or working as a paralegal on criminal cases. Sending flyers to inmates or responding to their mail orders does not place petitioner in the "company" of inmates, nor does it constitute fraternization. Similarly, working as a paralegal on criminal matters does not constitute fraternization with criminals. Even if such business association may place petitioner "in the company" of known criminals, it nevertheless comes within the general exception for work-related contact (9 NYCRR 8003.2 [g]).

In view of our interpretation of the regulation, we see no need to consider petitioner's constitutional challenges. (Appeal

from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.