■ In the Matter of AIR CARGO-BUFFALO et al., Appellants, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY et al., Respondents. [637 NYS2d 533] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to compel respondents to comply with the procurement guidelines promulgated by respondent Niagara Frontier Transportation Authority (NFTA). Supreme Court concluded that the agreement between the NFTA and Sonwil Distribution Center, Inc. (Sonwil) was a lease and not subject to the procurement guidelines. We disagree.

Although interpretation by an agency of its own regulations is entitled to great weight, when the interpretation "runs counter to the clear wording of the regulatory provisions, it should not be given any weight" (Mental Hygiene Legal Serv. v Cuomo, 195 AD2d 189, 191; see also, Matter of Hicks v Russi, 219 AD2d 851; Matter of New York State Clinical Lab. Assn. v Kaladjian, 194 AD2d 189, 193, affd 85 NY2d 346). In our view, the NFTA's arrangement with Sonwil falls within the definition of a "public work" set forth in the regulations of the NFTA (see, 21 NYCRR 1159.3 [t]). The fact that the transaction has been characterized as a lease is not determinative. It is not the label assigned to the transaction that controls but, rather, the total character of the arrangement (see, Matter of Citiwide News v New York City Tr. Auth., 62 NY2d 464, 472; Matter of Exley v Village of Endicott, 51 NY2d 426, 432). (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—CPLR art 78.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GIBSON, Appellant. [638 NYS2d 379] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Erie County Court, LaMendola, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ In the Matter of BIENVENIDO CASTILLO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, Respondent. [638 NYS2d 378] —Determination unanimously confirmed without costs and petition dismissed (see, Matter of Rand v Herbert, 219 AD2d 878). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.