■ In the Matter of HELENE HICKEY, Appellant, v GEORGE SINNOTT, as President of the Civil Service Commission of the State of New York, et al., Respondents. [715 NYS2d 533] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 24, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission, *inter alia,* awarding her $5,000.

In 1995, petitioner suggested to her employer, respondent Department of Motor Vehicles (hereinafter DMV), that drivers with revoked licenses be required, upon expiration of the revocation period, to apply for a new license with payment of the appropriate fee. In addition, these drivers would be subjected to the same probationary period as that required for new licensees. DMV implemented this suggestion in 1996 and, during that year, generated over $600,000 in additional gross revenue. Due to the success of the suggestion, petitioner submitted an application for consideration of a merit award under the State Employee Suggestion Program (hereinafter Program), governed by respondent Civil Service Commission. Based on the recommendation of the Program, the Commission granted petitioner a $50,000 cash award and a certificate of merit conditioned on final approval by respondent Commissioner of Motor Vehicles. Shortly before the award was to be made to petitioner, the Commissioner determined that due to the size of the award, it would be subjected to a new DMV review procedure and then returned to the Commission. As the result of this newly formulated review procedure, DMV informed petitioner that her suggestion was not eligible for an award and would not be returned to the Commission.

Thereafter, petitioner's CPLR article 78 proceeding seeking to annul the determination of DMV and to compel the Commission to act on the recommendation of the Program was granted, based on the finding by Supreme Court (Keegan, J.) that the Commission had no authority to grant the award to petitioner

subject to final DMV approval as this was both arbitrary and capricious and an abdication of the Commission's authority. Moreover, Supreme Court ruled that it could not substitute its view of the merits for that of the Commission and therefore, lacked authority to grant petitioner's requests for an annulment of the decision that her suggestion was ineligible for a merit award or an order directing the Commission to render a $50,000 award to her. Therefore, Supreme Court remitted the case to the Commission "for its determination as to the approval and amount, if any, of a merit award for petitioner's suggestion."

On March 2, 1999, the Commission notified petitioner that it had granted her an award of $5,000 and a certificate of merit, concluding that her suggestion resulted only in intangible benefits to the State. Following this determination, petitioner commenced the instant CPLR article 78 proceeding seeking to annul the Commission's determination and directing it to award her $50,000 in accordance with its prior determination. Supreme Court dismissed her petition and this appeal ensued.

The main issue presented on this appeal is whether petitioner is entitled to a decision annulling the $5,000 award and reinstating the $50,000 award. The answer depends on the resolution of three subissues: (a) whether the principles of collateral estoppel bar any of petitioner's claims in this CPLR article 78 proceeding, (b) whether the principles of administrative finality apply to compel the reinstatement of the $50,000 award, and (c) whether there is a rational basis for the $5,000 award.

We turn first to respondents' argument that the principles of collateral estoppel bar petitioner from relitigating the issue of the reinstatement of the $50,000 award. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Two requirements must be met for the invocation of the doctrine: (1) "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action [and (2)] there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71).

A comparison of the petitions in both CPLR article 78 proceedings reveals that the parties are the same and that in

both petitions, petitioner sought an order reinstating the $50,000 award. Nevertheless, the first CPLR article 78 proceeding did not decide the issue of the propriety of the $50,000 award on the merits. Rather, Supreme Court determined that it had no authority to decide that issue and remanded it to the Commission for its determination of the award and amount, if any, to be given to petitioner. Consequently, the principles of collateral estoppel have no application to bar petitioner from seeking the reinstatement of the $50,000 award in the instant CPLR article 78 proceeding.

Next, we turn to the administrative finality argument. Petitioner asserts that except for the concededly unlawful conditions imposed by the Commission on its $50,000 award, the award would have been final and binding. The law in New York is that since the nonquasi-judicial determinations of an administrative agency are considered final, " '[p]ublic officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result' " (*Matter of Centennial Restorations Co. v Abrams*, 180 AD2d 340, 344, quoting *People ex rel. Finnegan v McBride*, 226 NY 252, 259). Petitioner argues that the Commission should be bound by its determination to award $50,000 once that determination was stripped of its arbitrary, capricious and unlawful aspects by the first Supreme Court decision. The fallacy in petitioner's argument is that the award was not "properly and finally made" and, therefore, Supreme Court annulled such award and remitted the matter to the Commission for further consideration of such an award that, in its discretion, it might make. Since no appeal was taken from this decision, it is the law of this case. On remittal, the Commission considers the issue, de novo, as if the first award had not been made. Consequently, the doctrine of administrative finality has no application.

Lastly, we turn to whether the $5,000 award has a rational basis (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222). Merit awards are made to employees who make suggestions which result in either tangible or intangible benefits to the State (*see,* Civil Service Law § 145; 4 NYCRR 61.1 *et seq.*). To govern the program, the Commission adopted regulations regarding limits on the amount of merit awards as follows:

"(a) The award paid for a suggestion adopted by the commission shall not exceed 10 percent of the net first year tangible savings or 10 percent of other financial benefit to the State.

The maximum award payable for any single adopted suggestion resulting in tangible savings or benefit to the State shall be $50,000.

"(b) The maximum award payable for any single suggestion deemed by the commission to result entirely or predominantly in intangible benefit to the State shall be $5,000" (4 NYCRR 61.5).

The Commission's March 2, 1999 letter to petitioner indicated that it had "determined that the fees collected as a result of adoption of your suggestion represent new revenue, as opposed to savings or cost recovery. Therefore, your suggestion is only eligible for an award based upon its intangible benefits."

"Net first year tangible savings or financial benefit to the State means the total gross savings reported during the first full year of the suggestion's use in one or more departments or agencies, less the capital, labor and other related costs necessary for its implementation" (4 NYCRR 61.2 [e]).

"Intangible benefit means a benefit to the State, resulting from the implementation of a suggestion which is either primarily nonmonetary in nature or, if potentially monetary in nature, is such that the amount of such benefit cannot be reliably predicted or attributed with any reasonable degree of certainty" (4 NYCRR 61.2 [c]).

Petitioner concedes in her brief that her suggestion results in an intangible benefit to the State since DMV will have additional opportunity to monitor problem drivers. Nevertheless, petitioner asserts that the primary benefit to the State is tangible. The interpretation given to a particular regulation by the agency which formulated it and is in charge of its administration will be upheld if not irrational or unreasonable (see, *Mental Hygiene Legal Serv. [DeAngelo] v Cuomo*, 195 AD2d 189, 190). However, "when the interpretation 'runs counter to the clear wording of the regulatory provisions, it should not be given any weight' " (*Matter of Air Cargo-Buffalo v Niagara Frontier Transp. Auth.*, 224 AD2d 1018, quoting *Mental Hygiene Legal Serv. [DeAngelo] v Cuomo, supra*, at 191).

Applying these principles to the determination of the Commission results in a finding that the determination is rational. The Commission correctly pointed out that the suggestion produced new revenue as opposed to savings or cost recovery. Since tangible savings and financial benefit to the State are both defined in terms of gross savings, petitioner's suggestion is not covered by the definition of tangible benefits. Moreover, DMV's committee was unable at the request of the Commission to calculate capital, labor and other related costs so the

Commission was unable to predict with certainty the amount of any monetary benefit.

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.