■ HARDEN, S.P.A., Respondent, v COMMODORE ELECTRONICS LIMITED, et al., Appellants. — Order of the Supreme Court, New York County (Klein, J.), entered May 28, 1982, denying the motion of defendants Commodore International, Ltd., and Jack Tramiel to dismiss the second and third causes of action against them, unanimously affirmed, without costs. Although the motion of defendants Commodore International, Ltd., and Jack Tramiel to dismiss the

second and third causes of action as to them was stated to be pursuant to CPLR 3211 and 3212, we deem the motion, in light of the absence of any factual allegations, to have been brought pursuant to CPLR 3211 and to be a motion to dismiss these causes of action for legal insufficiency on their face. Giving to the allegations in the pleadings a fair and reasonable interpretation, we believe them to be legally sufficient. Fairly read, the second cause of action (incorporating the allegations of the first) alleges that Commodore Electronics, Ltd. (C.E.L.) is a subsidiary of Commodore International, Ltd. (C.I.L.), and that C.I.L. and Jack Tramiel, one of its officers and directors, induced C.E.L. to repudiate an exclusive distributorship agreement with plaintiff "wrongfully" and "in bad faith". C.I.L. and Tramiel argue that C.I.L. cannot be held liable for inducing the breach of contract absent allegations of illegal means or motivation by malice since C.I.L. owns all the shares of C.E.L. and therefore has an "existing economic interest to protect". (*Felsen v Sol Cafe Mfg. Corp.*, 24 NY2d 682, 686.) It is further argued that C.I.L.'s qualified privilege to induce its subsidiary to breach a contract with plaintiff inures to the benefit of Tramiel who, as C.I.L.'s president, acted on behalf of that corporation. First, even if we were to give the rigid and narrow interpretation to the complaint urged by defendants and dismiss the second cause of action because of the absence of the words "illegal", "malice" or "improper" in that cause of action, we would dismiss with leave to plaintiff to replead. But we see no reason to apply such a standard to plaintiff's pleading, particularly in light of paragraph 2 of defendants' answer, which denies "each and every allegation" of paragraph 5 of the complaint wherein it is alleged that C.E.L. is a subsidiary of C.I.L. It would thus be inconsistent with the face of the pleadings to dismiss the second cause of action upon a finding of a subsidiary relationship between those corporations. The third cause of action alleges that defendants "unfairly and maliciously interfered with plaintiff's business relationships with its sub-distributors". Interference with precontractual relations is actionable in New York when a contract would have been entered into but for the actions of the defendant if the defendant's sole purpose is to damage the plaintiff or if the means employed to induce termination of the relationship are dishonest, unfair or otherwise improper. (*Robbins v Ogden Corp.*, 490 F Supp 801, 811 [applying New York law]; cf. *Bowl-Mor Co. v Brunswick Corp.*, 297 A2d 61, app dsmd 297 A2d 67 [Del]; Restatement, Torts 2d, § 766B; 45 Am Jur 2d, Interference, § 50.) We note that the recent statement of the New York rule in *Robbins* appears somewhat more restrictive than the general rule set forth in American Jurisprudence, Second and the Restatement of Torts, Second. Under either formulation, the allegations in the third cause of action are sufficient to withstand a motion to dismiss. Concur — Kupferman, J. P., Sandler, Sullivan and Carro, JJ.