In the Matter of SECURITY TRUST COMPANY, as Successor in
    Interest to FIRST BANK AND TRUST COMPANY OF ITHACA,
    Appellant, v JAMES WEST et al., Respondents.

Third Department, October 30, 1986

**APPEARANCES OF COUNSEL**

*Edward Y. Crossmore* for appellant.

*Robert Abrams,* Attorney-General *(Daniel Smirlock, Nancy A. Spiegel* and *Kathleen Liston Morrison* of counsel), for State Tax Commission of the State of New York, respondent.

*Buyoucos, Barney, Grossman & Roth (John C. Barney* of counsel), for Mark Howell and another, respondents.

**OPINION OF THE COURT**

HARVEY, J.

The issue on appeal is whether a State Tax Commission lien on after-acquired property is entitled to priority over the simultaneously attaching lien of a general creditor. The facts are not in dispute. Between October 1980 and July 1984, the Tax Commission filed five warrants, totaling over $32,000, against respondent James West for failing to pay sales and income tax. In January 1984, petitioner's predecessor, First Bank and Trust Company of Ithaca, New York, docketed a judgment lien against West in the sum of $10,236.80. On August 16, 1984, petitioner delivered an execution on its judgment to the Tompkins County Sheriff.

In August 1984, the Tax Commission and petitioner released West from their respective liens in order to allow West to sell his restaurant to respondents Mark and Gloria Howell. The sale took place on August 27, 1984 and the terms of the sale provided for the deferment of $15,000 of the purchase price. On October 19, 1984, petitioner obtained an order directing the Howells to pay money owed to West directly to petitioner. Thereafter, petitioner commenced this proceeding to determine the rights of the parties to the money owed by the Howells to West.

Special Term set aside its order of October 19, 1984, finding that the Tax Commission was not bound by the order since it was not a party to the proceeding. The court determined the deferred proceeds of the restaurant's sale were after-acquired personal property to which the liens of the Tax Commission and petitioner attached simultaneously. Special Term concluded that the Tax Commission was entitled to priority and ordered that proceeds from the sale of West's restaurant must first be applied towards satisfying the tax warrants. This appeal ensued.

Petitioner contends that, because the Tax Commission's tax

warrants and petitioner's judgment lien attached simultaneously to the Howells' debt to West, and are therefore simultaneously perfected liens, petitioner and the Tax Commission are entitled to share in the restaurant sale proceeds pro rata. We cannot agree. It is well established that the State enjoys a common-law prerogative right to priority in the payment of the debts owed to it from the assets of an insolvent debtor *(Matter of Warren,* 53 NY2d 118; *Matter of Carnegie Trust Co.,* 206 NY 390). This prerogative right can be defeated by a creditor with a prior specific lien or by an express statutory provision *(Marshall v New York,* 254 US 380, 382; *Matter of Lambert,* 87 AD2d 818). The State is therefore entitled to a preference over a private creditor whose claim is on the same footing as the State's claim *(Matter of Robbins,* 74 Misc 2d 793; *State's prerogative right of preference at common law,* Ann., 51 ALR 1355, 1356).

Petitioner has not pointed to any statutory authority by which the State abrogated its prerogative right. Neither has petitioner asserted that his lien was acquired prior to the Tax Commission's lien. Indeed, petitioner concurred with Special Term's finding that its lien and that of the Tax Commission attached simultaneously. By its own admission, petitioner's lien is, at best, on the same footing as the Tax Commission's lien. Hence, we conclude that Special Term properly determined that the Tax Commission's lien was entitled to priority.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, without costs.