(January 8, 1991)

■ BANKERS TRUST COMPANY, Appellant, v ARTHUR J. BERN-STEIN, Respondent.—Judgment of Supreme Court, New York County (Robert E. Fischer, J.), entered December 22, 1989 in favor of the defendant, unanimously modified on the law, and the matter remanded for a new trial on the first cause of action only, and otherwise affirmed without costs.

Defendant Arthur J. Bernstein joined Bankers Trust Company in 1970 and by 1982 was a vice-president with expertise in the area of aircraft lease financing. At about that time it was the bank's goal to change its emphasis in that area from equity investment in underwriting aircraft leases toward advising airline companies on such transactions in order to earn a fee for its services rather than risk its own funds. The defendant was assigned to pursue Swissair as a potential customer for the bank and to that end, was introduced to the management of Swissair by plaintiff's senior vice-president, Andrew Forrester. In November 1982, the defendant sent a written proposal outlining a leverage lease transaction to be managed by the bank to Swissair's financial officer, Albert Bertschinger. On November 18, 1982 defendant Bernstein and Mr. Forrester met with Mr. Bertschinger and his superior, Erich Geitlinger, in Zurich. After the meeting Forrester wrote a memo stating that it was likely that Swissair would appoint the bank as its advisor on lease transactions. Apparently the Swiss Government's approval was required for the transaction. While waiting for that approval the defendant maintained contact with the airline on behalf of the bank.

On March 22, 1983 defendant, without informing the bank, told Bertschinger that he was definitely leaving Bankers Trust Company. Thereafter, the defendant accepted the airline's offer to act as its exclusive agent in connection with the same aircraft lease financing transaction that the plaintiff bank was to manage. Previously on March 28, 1983 defendant sent Swissair a proposal which essentially paraphrased the one he had sent on behalf of the bank in 1982. At trial defendant admitted that he at no time prior to or immediately after leaving the bank informed the bank of the negotiations he was conducting for his own benefit. In 1983 Swissair entered into lease arrangements for two aircraft and paid defendant $750,000. It was established that the bank would have charged a fee of $1.2 million per aircraft for its services.

The plaintiff asserted two causes of action against defendant Bernstein. The first alleged a cause of action for diversion of

corporate opportunity. The second alleged a cause of action for interference with precontractual relations.

"Interference with precontractual relations is actionable in New York when a contract would have been entered into *but for* the actions of the defendant if the defendant's sole purpose is to damage the plaintiff or if the means employed to induce termination of the relationship are dishonest, unfair or otherwise improper." *(Harden, S.P.A. v Commodore Elecs.,* 90 AD2d 733, 734 [emphasis added].) The doctrine of "corporate opportunity" provides that corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit an opportunity that should be deemed an asset of the corporation. *(Alexander & Alexander v Fritzen,* 147 AD2d 241, 246.) "The obligation of loyalty implied by the relationship between an employee and his (her) employer rests upon the rule that a person who undertakes to act for another shall not in the same matter act for himself (herself)." *(Supra,* at 246, citing *Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81, 87-88, *appeal dismissed* 63 NY2d 675; *Foley v D'Agostino,* 21 AD2d 60, 66-67; *Marshall v Sackett & Wilhelms Co.,* 181 App Div 157, 158; 52 NY Jur 2d, Employment Relations, § 205.) It has been stated that, to establish that corporate opportunity was improperly diverted it need not be proved that the corporation would have availed itself of the business opportunity but for the defendant's acts. " 'Despite the corporation's inability or refusal to act it is entitled to the officer's undivided loyalty.' " *(Foley v D'Agostino, supra,* at 67-68, quoting Note, *Fiduciary Duty of Officers and Directors Not to Compete with the Corporation,* 54 Harv L Rev 1191, 1199.)

The trial court herein confused the legal principles associated with the doctrines of "corporate opportunity" and interference with precontractual relations. The court incorrectly stated that to prove the first cause of action for diversion of corporate opportunity, plaintiff had to prove that it had a "substantial expectancy" of obtaining the contract to act as Swissair's advisor, and that the contract "would have been obtained" by the bank "if Mr. Bernstein had properly represented the interest of the bank". The court's charge clearly imposed an extra burden of proof upon the plaintiff in connection with its first cause of action for diversion of corporate opportunity by stating, essentially, that plaintiff had to show that it would have obtained the contract but for Bernstein's conduct. That standard, while a correct statement of the burden of proof assumed in connection with the plaintiff's second cause of action for interference with precontractual

relations, is clearly an incorrect statement of the law in connection with the first cause of action for diversion of corporate opportunity. This error requires that a new trial be held on the first cause of action only. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.