■ Casafina Enterprises, Ltd., Appellant, v Neil H. Berkow et al., Respondents. [597 NYS2d 797] —Weiss, P. J. Appeal

(transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Hickman, J.), entered January 27, 1992 in Putnam County, which granted defendants' motion for summary judgment dismissing the first and second causes of action of the complaint.

Defendants were the accountants for Bernice Fein, who operated a wholesale distributorship dealing in ceramics imported from Portugal. Plaintiff purchased the distributorship from Fein on February 14, 1989. Plaintiff thereafter commenced this action alleging, *inter alia,* that defendants were guilty of fraud with respect to the valuation they made of Fein's inventory in the financial statement prepared by them for the year ending June 30, 1988, and in repeating such value at a meeting with Fein and a principal of plaintiff on November 18, 1988. The financial statement represented the inventory value to be $62,525 while the actual value computed upon a postclosing inventory was in excess of $200,000. Because the contract required that the inventory be paid for at actual value, plaintiff contends that it suffered damages due to the misrepresentation.

Defendants moved for summary judgment dismissing the fraud claims, contending that those issues had been resolved against plaintiff in an arbitration with Fein and that plaintiff was thereby collaterally estopped from relitigating the fraud issue against defendants. Plaintiff has appealed from that part of the order granting defendants' motion dismissing the first and second causes of action in the complaint.

The two elements necessary for the invocation of collateral estoppel are (1) the identity of an issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) the party sought to be bound must have had a full and fair opportunity to contest the issue now said to be controlling *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). Here, there is an identity of issue. Plaintiff's counterclaim in the arbitration with Fein specifically sets forth a claim based upon the allegedly fraudulent inventory figures. In its closing memorandum submitted in the arbitration, plaintiff details the case it presented which specifically included the acts currently charged against defendants. It is equally apparent that plaintiff had a full and fair opportunity to present its fraud claim in the arbitration.

Plaintiff contends that there are ambiguities in the arbitrator's award which preclude a conclusion by this Court that the

fraud claims had been adversely determined against it. Plaintiff argues that the award in favor of Fein is unclear because there is no fact-finding decision which explains the award and, accordingly, it is not binding on plaintiff on the issue of fraud. We disagree. Plaintiff framed a claim for fraud before the arbitrator and fully litigated the claim. The arbitration award, which was "in full settlement of all claims and counterclaims submitted to this arbitration", granted Fein a sum for the inventory which was virtually for the amount demanded. Plaintiff has failed to demonstrate how the award in which the inventory was the focal issue and which granted Fein complete relief could be interpreted as anything other than a rejection of plaintiff's fraud claim. The unsupported speculation that the arbitrator could have concluded that defendants, as accountants for Fein, defrauded plaintiff without Fein's participation flies in the face of the record.

Our examination of the record compels the conclusion that defendants have met their burden of establishing that a claim for fraud was fully litigated and resolved against plaintiff. In view of the evidence submitted on the motion for summary judgment, it was incumbent upon plaintiff to make at least an evidentiary showing that a triable issue of fact existed. The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established upon a trial *(see, Zuckerman v City of New York,* 49 NY2d 557). Plaintiff has failed to raise a material issue of fact concerning the scope of the arbitration or that it lacked the opportunity to litigate the claim; accordingly, the arbitration award collaterally estops plaintiff's fraud claims *(see, Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658).

Mikoll, J. P., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is affirmed, with costs.