■ ADELE M. WHEELER, Appellant, v VILLAGE OF SAUGERTIES et al., Defendants, and CALLANAN INDUSTRIES CORPORATION et al., Respondents. [627 NYS2d 845] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered March 22, 1994 in Ulster County, which granted a motion by defendant Callanan Industries Corporation to amend its answer and for summary judgment dismissing the amended complaint against it, (2) from the judgment entered thereon, and (3) from an order of said court, entered July 12, 1994 in Ulster County, which granted a cross motion by defendant

Mexcon, Inc. to amend its answer and for summary judgment dismissing the amended complaint against it.

Plaintiff seeks to recover in negligence for injuries sustained when she fell, allegedly because of a sidewalk irregularity, while walking along Partition Street in the Village of Saugerties, Ulster County. Defendants Callanan Industries Corporation and Mexcon, Inc. (hereinafter collectively referred to as defendants) were the general contractor and sidewalk subcontractor, respectively, on a State-funded project, completed several months prior to the accident, involving reconstruction of the sidewalk where plaintiff fell. Upon discovering that plaintiff had previously brought a claim against the State based upon the same incident, and had been denied relief after trial, defendants moved to amend their answer to assert an affirmative defense of collateral estoppel and for summary judgment dismissing the action on that ground. Supreme Court granted the motions, and plaintiff appeals. We affirm because defendants, who seek to preclude plaintiff from relitigating whether the sidewalk was negligently constructed, have carried their burden of proving that this identical issue was actually litigated and "necessarily decided" in the Court of Claims (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666-667; Kaufman v Lilly & Co., 65 NY2d 449, 455-456) where, it is not disputed, plaintiff had a full and fair opportunity to litigate the point.

The pleadings in the Court of Claims action disclose that the question of negligent construction of the sidewalk—for which the State could have been liable, given its engagement of the contractors, regardless of active fault on its part (cf., Bechtel v State of New York, 105 AD2d 677)—was indeed raised there. Notably, the claim and expansively worded bill of particulars in that action include allegations that the State, its "agents, servants, and/or employees", used faulty construction methods and materials, "caused" the sidewalk to be uneven or unlevel, and/or constructed or reconstructed it "so as to allow gaps" between the stones. These assertions comprehend not only the approval or inspection process undertaken by the State, but also the actual construction performed by defendants, as "agents" of the State. And, since it is to be presumed that "the issues 'involved' or 'determined' [by the Court of Claims] were those 'pertinent to the subject of the controversy as defined by the pleadings' " (Bronxville Palmer v State of New York, 18 NY2d 560, 563), it is fair to conclude, there being no contradictory evidence, that the allegations central to plaintiff's current complaint were in fact contested in that court, and that its de-

cision holding "that the sidewalk was not negligently constructed by the [State]" encompassed a finding that defendants were not negligent (*cf., Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143, 144).

We reject plaintiff's argument that even if the question of negligence in the actual construction was raised generally in the Court of Claims, the particular type of negligence upon which she seeks to rely here—an alleged failure to properly compact the base material, which purportedly caused the sidewalk stone to settle and become uneven over time—was not, and therefore the decision rendered by that court should not form the basis for an estoppel on the issue. While the presumption that all pertinent issues have been litigated may be rebutted by evidence to the contrary (for example, by proof that the prior decision was grounded upon a theory different from that raised in the pleadings [*see, Bronxville Palmer v State of New York, supra,* at 564]), plaintiff has made no such showing here. The fact that she may not have put forth in the Court of Claims all of the proof available on the matter, including that tending to show improper compaction, does not mandate that she be afforded a second opportunity to do so (*see, Aldrich v State of New York,* 110 AD2d 331, 333).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the orders and judgment are affirmed, with one bill of costs.