■ In the Matter of FRANBILT, INC., Appellant, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. [723 NYS2d 719] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered January 10, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Thruway Authority precluding petitioner from performing as a subcontractor on said respondent's projects.

---

Respondent New York State Thruway Authority (hereinafter respondent) awarded a contract for general construction work in Monroe County to Crane Hogan Structural Systems. When Crane notified respondent that it intended to use petitioner as a subcontractor to perform certain portions of the specified work, respondent advised Crane and petitioner by letter that it had a concern as to whether petitioner was a responsible contractor in light of its unacceptable past performances on State projects.* Prior to respondent's final determination in the matter, a meeting was thereafter held allowing petitioner and Crane to present an explanation or documentation to rebut respondent's concerns. Petitioner's presentation at the meeting consisted of its conclusory assertion that any deficiencies in the work that it performed on previous State projects were not its fault and the filing of a copy of its claim for equitable adjustment which formed the basis of petitioner's underlying legal action arising out of a dispute involving contract TAA 97-27C.

After the meeting, respondent notified petitioner that it had not adequately addressed the specific areas of concern set forth in its letter and, as a result, rendered a determination that petitioner would not be considered a responsible subcontractor until it provided respondent with an adequate explanation of what went wrong on the prior projects and what corrective action it would propose to ensure that such problems did not recur. Subsequent letters to petitioner clarified respondent's position with respect to its determination on petitioner's status as a responsible contractor.

Unsatisfied with respondent's determination, petitioner commenced this CPLR article 78 proceeding claiming, *inter alia*, that respondent was attempting to undermine its legal position in the underlying legal action involving contract TAA 97-27C by forcing petitioner to admit fault, and respondent's determination that it was not a responsible contractor was made without a rational basis. Supreme Court dismissed the petition, prompting this appeal.

Petitioner urges on appeal that Supreme Court erred in summarily denying its request for relief because issues of fact were raised by the pleadings which require a trial (*see*, CPLR 7804 [h]). We disagree and affirm.

Supreme Court correctly focused on ascertaining whether respondent had a rational basis for determining that petitioner

---

* The letter specifically referred to the failure to make timely deliveries on several purchase order contracts issued March 10, 1997, October 29, 1997 and February 9, 1998, and gross nonconformance to contract requirements on another contract.

was not a responsible contractor (*see, Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 444, *lv denied* 68 NYS2d 610), a burden petitioner bore and failed to meet (*see, Matter of Adelaide Envtl. Health Assocs. v New York State Off. of Gen. Servs.*, 248 AD2d 861, 862; *Matter of Schiavone Constr. Co. v Larocca, supra*, at 444). Respondent's decision was properly based on petitioner's unacceptable work on past State projects (*see, Matter of Callanan Indus. v White*, 123 AD2d 56, 59; *Matter of Callanan Indus. v City of Schenectady*, 116 AD2d 883, 884). Although given adequate notice of the work it found unacceptable and a full opportunity to be heard (*see, Matter of Granger & Sons v State of New York Facilities Dev. Corp.*, 207 AD2d 596, 597; *Matter of Schiavone Constr. Co. v Larocca, supra*, at 444), the record shows that petitioner failed to address any of respondent's substantive complaints. Accordingly, Supreme Court correctly concluded that there was a rational basis for respondent's determination set forth in the record and properly dismissed the petition.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.