■ FRANBILT, INC., Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 101208.) [735 NYS2d 675]

—Lahtinen, J. Appeal from an order of the Court of Claims (Collins, J.), entered October 16, 2000, which, inter alia, granted the State Thruway Authority's motion for summary judgment dismissing the claim.

In April 1998, claimant, a steel contractor who performed work as a subcontractor on various projects for the State Thruway Authority over a period of 10 years, was notified by the Authority's chief engineer that it was "disapproved as a subcontractor with regard to any further work" on claimant's current project (Contract No. TAA 97-27C), and "immediately suspended from any further work on any and all [projects under the Authority's control] in any capacity whatsoever" pending review of claimant's allegedly gross nonconformance with the plans and specifications on that project. The parties failed to resolve those issues. Thereafter, other general contractors, whose bids submitted for new proposed projects under the Authority's control listed claimant as a proposed subcontractor, were informed, on a bid by bid basis, that the Authority considered claimant not a responsible supplier/subcontractor for that proposed project and offered to meet with claimant and the contractor prior to any final responsibility determination.[1] Consequently, claimant was not awarded any of the possible subcontracts.

Claimant subsequently filed a claim in the Court of Claims alleging that the Authority's conduct subjected claimant to "de facto debarment," a violation of its right to due process which irreparably damaged its reputation as a responsible bidder, that the Authority tortiously interfered with its prospective contractual relations, and that it was defamed by the Authority. After joinder of issue, the Authority moved for summary judgment seeking dismissal of the claim and claimant cross-moved to compel discovery. The Court of Claims granted the Authority's motion and dismissed the claim. Claimant appeals.

In support of its motion for summary judgment, the Authority submitted evidentiary proof in admissible form supporting its determination of claimant's "nonresponsibility," proof of claimant's continuing failure to offer explanations for the Authority's ongoing concerns pertaining to claimant's work on a previous state contract and pointed out that its determina-

---

1. Claimant and one proposed contractor met with the Authority after which it adhered to its determination that claimant was not a responsible contractor. In a subsequent CPLR article 78 proceeding, Supreme Court confirmed the Authority's determination, which we affirmed (*Matter of Franbilt, Inc. v New York State Thruway Auth.*, 282 AD2d 963, *lv denied* 97 NY2d 602).

tion of nonresponsibility was found to have a rational basis by this Court in an earlier decision (*Matter of Franbilt, Inc. v New York State Thruway Auth.*, 282 AD2d 963, 965, *lv denied* 97 NY2d 602) resolving a CPLR article 78 proceeding in the Authority's favor. In opposition to the Authority's motion, claimant submitted the affidavits of its counsel and its principal, which we find, as did the Court of Claims, insufficient to raise an issue of fact precluding judgment for the Authority as a matter of law. Consequently, we affirm the order of the Court of Claims.

With respect to claimant's contention that it was deprived of due process and a liberty interest by the Authority's "de facto debarment," we initially note that the Authority is statutorily required to award contracts for work under its auspices to the lowest responsible bidder and may reject bids in the best interest of the Authority (*see*, Public Authorities Law § 359). It is also charged with determining the responsibility of bidding contractors and subcontractors in accordance with guidelines established by Executive Order (*see*, Executive Order [Cuomo] No. 170.1 [9 NYCRR 4.170]). Claimant did have available to it mechanisms to challenge the Authority's responsibility determination on each bid it claims was "debarred." Claimant was afforded an opportunity to present explanations for the areas of ongoing concern prior to any final responsibility determination and, if still dissatisfied, to commence a CPLR article 78 proceeding to challenge the Authority's ultimate responsibility determination. We have previously determined such remedies were adequate to afford litigants such as claimant the necessary due process (*see*, *Matter of Callanan Indus. v White*, 118 AD2d 167, *lv denied* 69 NY2d 601; *Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, *lv denied* 68 NY2d 610). As a result, we find no merit to claimant's "de facto debarment" claim.

Next, we agree with the Court of Claims that claimant's proof failed to raise an issue of fact with respect to its claims that the Authority tortiously interfered with its existing contractual relations[2] (*see*, *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94) and its potential contractual relations/prospective business[3] (*see*, *Harden, S.P.A. v Commodore Elecs.*, 90 AD2d 733, 734). Claimant failed to present any proof of the Authority's lack of justification for its nonresponsibility determinations (*see*, *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281-

---

2. Contract No. TAA 97-27C and Contract No. TAA 97-84C

3. The proposed contract bids for contracts wherein claimant was listed as a subcontractor.

282), nor any proof from which it could be arguably found that the Authority's actions were undertaken through wrongful means or solely to intentionally harm claimant (*see, Guard-Life Corp. v Parker Hardware Mfg.*, 50 NY2d 183, 191). We agree with the Court of Claims that the affidavit of claimant's principal, submitted as proof of such actionable conduct, was "conclusory," containing only "self-serving allegations [un]supported by any documentation" and, consequently, conclude that it was of no probative value.

Claimant's remaining arguments have been examined and rejected as without merit.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.