■ In the Matter of WAYNE LONGMORE, Appellant, v KINGSTON HOSPITAL, Respondent. [761 NYS2d 344] —Spain, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 18, 2002 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

Prior to 2002, Kingston Emergency Physicians, P.C. (hereinafter Kingston Emergency), an independent contractor, provided emergency medical services to respondent. Petitioner is an emergency room physician who was an employee of Kingston Emergency and worked in respondent's emergency room. Petitioner was appointed a member of respondent's Emergency Room Department "Courtesy Staff" in May 1999 and later reappointed for an additional two-year term to expire on December 31, 2002.

On April 15, 2002, Kingston Emergency's contract with respondent expired and a new provider began providing emergency room services to respondent. Petitioner was not hired by the new provider and, as a result, ceased working in respondent's emergency room. Thereafter, petitioner requested that respondent hold a hearing pursuant to its bylaws regarding the termination of his employment. Respondent denied the request on the ground that it did not employ respondent and, thus, had not terminated his employment. Petitioner commenced this CPLR article 78 proceeding to compel the hearing and seeking money damages for lost compensation. Supreme Court granted respondent's motion for summary judgment on the ground that petitioner failed to state a cause of action, and dismissed the petition, prompting petitioner's appeal.

We affirm. Petitioner claims that, as a licensed physician with hospital privileges, he is subject to respondent's bylaws which provide, in pertinent part, that "[a]ny corrective action, summary suspension, denial of appointment or reappointment or requested privileges or requested Department (an 'adverse action') shall entitle the practitioner to a hearing as described in this Article X." Petitioner's factual allegations fail to support his contention that any adverse action was taken against him within the meaning of respondent's bylaws. Petitioner was not an employee of respondent and, thus, respondent could not have terminated his employment. Moreover, the facts as alleged indicate that petitioner's work in respondent's emergency room terminated not because respondent revoked petitioner's privileges but because his employer, Kingston Emergency, ceased providing services for respondent. Accordingly, we hold that Supreme Court properly dismissed petitioner's first cause of action.

Petitioner likewise failed to state a cause of action for damages. Proceeding on theories of breach of contract and tortious interference with contractual relations, petitioner contends that he relied to his detriment on assurances by respondent's medical director and by the new provider of emer-

gency services that his employment would continue. Instead, allegedly on respondent's advice, the new provider did not hire him. These allegations are insufficient to state a cause of action under either theory of law inasmuch as petitioner has failed to state facts sufficient to demonstrate the existence of any contract (*see Demas v Levitsky,* 291 AD2d 653, 659 [2002], *lv dismissed* 98 NY2d 728 [2002]; *Franbilt, Inc. v New York State Thruway Auth.,* 290 AD2d 705, 707-708 [2002]; *Lockheed Martin Corp. v Aatlas Commerce,* 283 AD2d 801, 803 [2001]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.