■ SCHULTZ CONSTRUCTION, INC., Respondent-Appellant, v FRANBILT, INC., Appellant-Respondent, and SJB SERVICES, INC., et al., Respondents. (And a Third-Party Action.) [788 NYS2d 490]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered April 3, 2003 in Saratoga County, which, inter alia, denied a motion by defendant Franbilt, Inc. for partial summary judgment.

This is the fourth appeal before this Court arising from the Thruway Authority's disapproval of defendant Franbilt, Inc. as a subcontractor on a rehabilitation project of Lock C-4 on the Champlain Canal due to Franbilt's provision of grossly nonconforming gate leaves (see Franbilt, Inc. v New York State Thruway Auth., 290 AD2d 705 [2002]; Schultz Constr. v Franbilt, Inc., 285 AD2d 936 [2001]; Matter of Franbilt, Inc. v New York State Thruway Auth., 282 AD2d 963 [2001], lv denied 97 NY2d 602 [2001]). Following the Authority's determination, plaintiff, the general contractor on the project, terminated its subcontract with Franbilt on the ground that the determination constituted a material default. Although Franbilt was subsequently permitted to complete work unrelated to the gate leaves, plaintiff repaired the gate leaves at its expense, with the assistance of another welding subcontractor on the project. Thereafter, plaintiff commenced this breach of contract action seeking to recover the costs incurred in repairing the gate leaves. In its answer, Franbilt asserted a number of counterclaims against plaintiff, impleaded third-party defendants Reliance Insurance Company and William Schultz, and cross-claimed against defendants M.J. Engineering & Land Surveying, Inc. and SJB Services, Inc., which provided inspection services and approved the gate leaves.

Following joinder of issue and extensive motion practice (*see Schultz Constr. v Franbilt, Inc., supra*), Franbilt moved for partial summary judgment against plaintiff, seeking approximately $160,000 allegedly owed under the subcontract. As relevant here, Supreme Court denied Franbilt's motion and granted the cross motions of plaintiff, Reliance and Schultz for summary judgment dismissing Franbilt's remaining counterclaims and third-party claims on the ground of collateral estoppel, and motions by M.J. Engineering and SJB for summary judgment dismissing all cross claims against them. Franbilt appeals* and we now affirm.

Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue raised and decided against that party or those in privity in a prior action or proceeding (*see Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *Matter of Hickey v Sinnott*, 277 AD2d 572, 573 [2000]). Thus, "[t]he proponent of collateral estoppel must show identity of [a decisive] issue, while the opponent must demonstrate the absence of a full and fair opportunity to litigate" (*Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). Here, Franbilt does not dispute plaintiff's claim that a critical issue to the resolution of its and plaintiff's breach of contract claims in this action is whether the gate leaves were in gross nonconformance with the project specifications. Franbilt maintains, however, that this issue was not decided in its prior CPLR article 78 proceeding challenging the Authority's determination that it was not a responsible contractor based on its unacceptable work performance in the Lock C-4 project and its Court of Claims action against the Authority alleging, among other things, "de facto debarment" and tortious interference with its contractual relations. Instead, Franbilt argues, the only issue decided in the earlier proceeding and action was whether the Authority, having made the determination—correctly or not—that Franbilt's performance was deficient, could rely upon that determination as a basis for precluding Franbilt from performing on other Authority projects and, hence, there is no identity of issue. Franbilt further argues that even if the issue was determined in the prior CPLR article 78 proceeding, that proceeding cannot bar a plenary action because the determination upheld as rational upon review in the proceeding was not quasi-judicial in

---

* Plaintiff also cross-appealed but now seeks to withdraw that cross appeal and addresses no issues in connection with the cross appeal. In addition, Franbilt does not address any issues regarding its motion for partial summary judgment on its counterclaims against plaintiff. Accordingly, we deem any arguments that the parties may have had in this regard to be abandoned (*see Matter of Leach*, 3 AD3d 763, 764 n [2004]).

nature (*see generally Jeffreys v Griffin, supra* at 39-41), despite our finding that the Authority provided Franbilt "adequate notice of the work it found unacceptable and a full opportunity to be heard" (*Matter of Franbilt, Inc. v New York State Thruway Auth.*, 282 AD2d at 965, *supra*).

Even assuming, however, that the CPLR article 78 proceeding challenging the Authority's final responsibility determination—a remedy we have previously deemed "adequate to afford litigants such as claimant the necessary due process" (*Franbilt, Inc. v New York State Thruway Auth.*, 290 AD2d at 707, *supra*; *cf. Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9 [1997])—was not quasi-judicial in nature, the pleadings submitted in connection with the prior Court of Claims action reveal that the issue of the deficiency of Franbilt's performance was thoroughly addressed in that action. Indeed, the Court of Claims noted that Franbilt was afforded an opportunity to appear and explain its prior gross nonconformance but failed to do so. Further, in rejecting Franbilt's tortious interference with contract claim, the Court of Claims concluded that "[g]iven the critical nature of the defects . . . it cannot be determined upon any fair interpretation of the record herein that the [Authority] acted without justification" in finding that Franbilt was not a responsible contractor. This Court affirmed, stating that Franbilt "failed to present any proof of the Authority's lack of justification for its nonresponsibility determinations" (*Franbilt, Inc. v New York State Thruway Auth.*, 290 AD2d at 707, *supra*). Inasmuch as the issue of the gross nonconformity of the gate leaves was both raised and determined against Franbilt after a full and fair opportunity to litigate the issue in the prior action, we agree with Supreme Court that Franbilt's counterclaims and claims in the third-party complaint are precluded by the doctrine of collateral estoppel (*see Wheeler v Village of Saugerties*, 216 AD2d 733, 734-735 [1995]; *cf. Matter of Hickey v Sinnott, supra* at 574).

In addition, we conclude that Supreme Court properly granted the respective motions of M.J. Engineering and SJB for summary judgment dismissing Franbilt's cross claim sounding in negligent misrepresentation against them. The gravamen of the cross claim is that M.J. Engineering and SJB falsely represented that Franbilt's performance was adequate and that Franbilt relied on these misrepresentations to its detriment. Inasmuch as there was no privity of contract between Franbilt and either M.J. Engineering or SJB, liability will attach only upon a showing of " '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known

party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance' " (*Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000], quoting *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384 [1992]).

Here, the specifications governing the Authority's contract with Schultz indicate that the inspections were solely for the benefit of the Authority and could not constitute or imply acceptance of the work. Notably, those specifications were incorporated into the general contract, to which Franbilt agreed to be bound. Indeed, there is no evidence that reports by M.J. Engineering or SJB were submitted to Franbilt for reliance thereon. Under these circumstances, we cannot say that Franbilt raised any triable issues of fact regarding reliance to its detriment or an understanding on the part of M.J. Engineering and SJB that Franbilt intended to rely on the reports (*see Marcellus Constr. Co. v Village of Broadalbin*, 302 AD2d 640, 641 [2003]; *Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 665-666 [1999]). In any event, although Franbilt now asserts a claim for misrepresentation, it continues to assert that the reports were accurate insofar as they deemed its work satisfactory and, thus, it is unclear which portions of the reports Franbilt claims are false (*see Marcellus Constr. Co. v Village of Broadalbin, supra* at 642). Franbilt's remaining arguments are either rendered academic by our decision or, upon review, have been determined to be meritless.

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.