■ ARTHUR B. KORBEL, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HORICON et al., Respondents. [814 NYS2d 301]—

Carpinello, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered December 14, 2004 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

In 2002, plaintiff was granted the right to construct a boathouse on his Schroon Lake property in the Town of Horicon, Warren County. In July 2003, however, a stop work order was issued by defendant Town Zoning Enforcement Officer after the dimensions of the boathouse exceeded those set forth in his original application, an unauthorized dock was added and the proposed location was unilaterally changed. Defendant Zoning Board of Appeals of the Town of Horicon upheld the stop work order prompting plaintiff to commence a CPLR article 78 proceeding. In January 2004, Supreme Court (Sise, J.) upheld the Zoning Board's determination and dismissed the proceeding.

Plaintiff never perfected an appeal from the January 2004 judgment. On April 30, 2004, he was directed by the Town to comply with its zoning regulations or remove the structure. Having "decided" to turn the boathouse into a "houseboat," plaintiff failed to do either. Instead, he commenced this action on June 30, 2004 seeking a declaration that the structure is a "duly and lawfully licensed houseboat" on a federal navigable

waterway over which defendants have no jurisdiction and seeking injunctive relief preventing their interference with its completion.

In attempting to establish that his once partially constructed boathouse was converted into a partially constructed "houseboat," plaintiff claimed that he had obtained all appropriate identification, registration and certification from the United States Coast Guard for such conversion. In moving for summary judgment and seeking sanctions, defendants contradicted these assertions. At issue is an order of Supreme Court (Krogmann, J.) dismissing this action and ordering removal of the structure.

First, there is record evidence before this Court that the boathouse was removed on April 14, 2005. This Court is thus precluded from providing plaintiff with the relief he seeks (see e.g. Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]; Matter of Save the Pine Bush v Cuomo, 200 AD2d 859, 860 [1994], lv dismissed 83 NY2d 884 [1994]) and, therefore, the appeal should be dismissed as moot. In any event, the action is barred by the doctrines of collateral estoppel (see e.g. Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]) and res judicata (see e.g. Parker v Blauvelt Volunteer Fire Co., supra at 348-349; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). The status of the subject structure—a boathouse which failed to comply with the Town's zoning regulations—was squarely at issue in the prior proceeding and decided against plaintiff. His attempt to thwart the import of that judgment by concocting a theory that the structure is now a "houseboat" immune from the jurisdiction of the Town's zoning regulations is not well taken.

Furthermore, while the record does establish that plaintiff acquired a vessel name and hull identification number following the January 2004 order, defendants submitted affidavits from two United States Coast Guard employees specifically disputing plaintiff's claim that this agency certified the structure as a houseboat. More importantly, even if plaintiff could have convinced the United States Coast Guard to so certify his structure, such a conversion would have no impact on the otherwise subsisting order of Supreme Court.

The only issue of real merit on this appeal is defendants'

request for sanctions.* We conclude that sanctions are warranted for plaintiff's frivolous conduct, which, as relevant here, is defined as conduct that "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) and/or conduct that "asserts material factual statements that are false" (22 NYCRR 130-1.1 [c] [3]). Here, plaintiff complains in his brief to this Court that approximately two thirds of the structure is completed but remains subject to the "elements" and is "deteriorating rapidly." Such statement, however, is patently untrue since it is undisputed that the structure was completely dismantled on April 14, 2005.

Plaintiff also represents to this Court that he "made all the appropriate, required applications to the US Coast Guard" to convert his structure into a houseboat and "acquired appropriate permits from the New York State Department of Environmental Conservation *and the United States Coast Guard*" (emphasis added). Again, these assertions are patently untrue since plaintiff did not receive any permit from the United States Coast Guard. Moreover, while plaintiff himself did in fact submit an application to the United States Coast Guard for documentation that his structure was a vessel, he voluntary withdrew this application following a letter from that agency outlining "a number of discrepancies in [his] application" and reminding him "that a false statement to a federal official is a criminal offense." Also of note, in his certification of withdrawal of this application, plaintiff claimed that the vessel was "sold." Notwithstanding each of these undisputed facts, he pursued the instant appeal.

By representing to this Court that the structure remained partially completed and was deteriorating even though it had in fact been dismantled and by further representing that plaintiff acquired appropriate permits from the United States Coast Guard even though he had not and had in fact withdrawn his application for certification, plaintiff and his counsel have asserted material factual statements that are false (*see* 22 NYCRR 130-1.1 [c] [3]). Moreover, by pursuing this appeal despite the fact that the structure has been removed (and perhaps even sold, according to plaintiff's Coast Guard withdrawal applica-

---

* Since defendants expressly requested sanctions in their brief, plaintiff was given sufficient notice that such relief would be considered by this Court and, therefore, afforded a reasonable opportunity to be heard on the issue (*see Matter of Stoltz v Stoltz*, 257 AD2d 719, 721 n [1999]; *see also* 22 NYCRR 130-1.1 [d]). Notably, he did not file a reply brief, but was given an opportunity by this Court at oral argument to nevertheless file a written response.

tion), plaintiff and his counsel have engaged in conduct that is "completely without merit" (22 NYCRR 130-1.1 [c] [1]; *see Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 223 AD2d 995, 996 [1996]; *Gregware v Key Bank of N.Y.*, 218 AD2d 859, 861 [1995], *lv denied* 87 NY2d 803 [1995]). Under these circumstances, we impose a sanction of $1,000 against plaintiff personally and $1,000 against his counsel, James Morgan (*see* 22 NYCRR 130-1.1 [b]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, with costs, defendants' request for sanctions is granted and sanctions in the amount of $1,000 each are imposed against plaintiff and plaintiff's counsel pursuant to 22 NYCRR 130-1.1, in each case to be paid within 60 days following the date of this order, with proof of payment to be filed with this Court.