■ In the Matter of BENEDICTINE HOSPITAL, as Receiver of HUTTON NURSING HOME, Respondent, v CHARLES A. GLESSING, Doing Business as HUTTON NURSING HOME, Appellant, and

DEPARTMENT OF HEALTH, Respondent, et al., Respondent. [850 NYS2d 291]—

Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered February 12, 2007 in Ulster County, which, among other things, in a proceeding pursuant to Public Health Law § 2810, ordered that proceeds from a prior proceeding be paid to petitioner by respondent Department of Health.

In 1983, Hutton Nursing Home (hereinafter the Home) entered into a receivership agreement with respondent Charles A. Glessing and respondent Department of Health (hereinafter DOH), naming Glessing as receiver of the Home. Glessing operated the Home for over 20 years as its receiver. During that time, a CPLR article 78 proceeding was commenced, on behalf of the Home and other petitioners, challenging certain adjustments made by DOH to the State's Medicaid reimbursement rates and seeking recalculation of Medicaid reimbursements between 1995 and 1997. In 2003, Supreme Court (Benza, J.) determined that the petitioners therein were entitled to a rate recalculation, which determination was later affirmed by this Court (*Matter of St. James Nursing Home v DeBuono*, 12 AD3d 921 [2004]). As a result of the recalculation, the Home was entitled to a total reimbursement of $449,318.07 from DOH (hereinafter the *St. James* reimbursement).

In 2004, Glessing, doing business as the Home, entered into a purchase agreement with petitioner, a New York nonprofit corporation, to sell the Home and simultaneously entered into a receivership agreement with petitioner and DOH, whereby petitioner would become the receiver of the Home pending its final sale. The purchase agreement was never finalized or signed, but petitioner took over as receiver and, thereafter, commenced the present proceeding, seeking an order from Supreme

Court permitting it to file a final accounting for the Home. In January 2005, DOH filed a claim of $443,126.71 against the Home for failing to pay $252,650.81 in cash receipts assessments pursuant to Public Health Law § 2807-d and an additional $190,475.90 in estimated Medicaid overpayments. DOH notified Supreme Court of its intention to withhold and recoup the overpayments and delinquencies from the Home through the *St. James* reimbursement, which had not yet been paid out.

In January 2006, while this accounting proceeding was pending, Glessing commenced a CPLR article 78 proceeding seeking an order invalidating DOH's decision to withhold the *St. James* reimbursement and mandating that those moneys instead be remitted directly to him personally (hereinafter the mandamus proceeding), alleging that he was the only person responsible for the payment of Medicaid assessments on the Home during the pertinent time frame and, because the Home operated at a loss, he had committed his own personal funds. DOH and petitioner opposed Glessing's claims. In July 2006, Supreme Court (Lynch, J.) dismissed Glessing's petition, finding that Glessing had no right to the reimbursement, but left "the issue of whether and to what extent [DOH] can offset the St. James litigation proceeds" to the decision of Supreme Court in this accounting proceeding. No appeal was taken from that judgment.

In this proceeding, on January 10, 2007, Supreme Court (Ceresia, Jr., J.) ordered that the *St. James* reimbursement be paid to petitioner, as receiver of the Home, if DOH failed to correct procedural deficiencies in recouping the Home's delinquent assessments and Medicaid overpayments within 30 days. In so doing, the court found that Glessing was not personally entitled to the *St. James* reimbursement, and that he would not receive any profits from the Home until the termination of the receivership and subject to the approval of the Public Health Council. Glessing now appeals from this order.

As a threshold matter, we find that Glessing's claim of entitlement to the $449,318.07 *St. James* reimbursement is barred by the doctrine of collateral estoppel. "Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue raised and decided against that party or those in privity in a prior action or proceeding" (*Schultz Constr., Inc. v Franbilt, Inc.*, 14 AD3d 895, 896 [2005] [citations omitted]). DOH, as the proponent of the application of collateral estoppel on this issue, met its burden of establishing " 'identity of [a decisive] issue' " (*id.*, quoting *Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]), i.e., that Glessing's lack of entitlement to the *St. James* reimbursement was previously and necessarily determined between the same

parties within the mandamus proceeding. Indeed, Glessing commenced the mandamus proceeding against DOH while this accounting proceeding was pending and after DOH filed its claim for the $443,126.71 from the Home, thereby affirmatively seeking to determine his entitlement to the *St. James* reimbursement prior to Supreme Court determining the final accounting of the Home. Further, Glessing has failed to meet his burden of demonstrating that he lacked a full and fair opportunity to litigate the issue in the earlier proceeding (*see Schultz Constr., Inc. v Franbilt, Inc.*, 14 AD3d at 896). There, Supreme Court (Lynch, J.) rejected Glessing's contention that the purchase agreement controlled the distribution of reimbursements for the time period between 1995 and 1997 and found that Glessing failed to demonstrate that he had a clear legal right to the *St. James* reimbursement. Thus, we conclude that Glessing is not entitled, in the context of this accounting proceeding, to a second opportunity to relitigate the same material issue necessarily decided in the mandamus proceeding (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *Korbel v Zoning Bd. of Appeals of Town of Horicon*, 28 AD3d 888, 889 [2006]; *Schultz Constr., Inc. v Franbilt, Inc.*, 14 AD3d at 897).

Glessing also challenges Supreme Court's decision to allow DOH to delay payment of the *St. James* reimbursement for 30 days, permitting DOH an opportunity to comply with the necessary procedural and statutory requirements to enable it to offset the reimbursement against moneys owed DOH. Inasmuch as it has been settled that Glessing is not entitled to the *St. James* reimbursement, we must determine whether he nevertheless has standing to object to the withholding of the reimbursement by DOH. DOH, as a state entity, enjoys a priority over the claims of private creditors unless such creditors can demonstrate a superior lien or statutory right to defeat the state's preference (*see Matter of Warren*, 53 NY2d 118, 121-122 [1981]; *Matter of Security Trust Co. v West*, 120 AD2d 84, 86 [1986], *lv denied* 70 NY2d 601 [1987]). Although Glessing is a creditor of the receivership estate and may be entitled to profits from the Home upon the receivership's termination, he has not asserted a lien against petitioner or any other right which would give his claims priority over those asserted by DOH for the Medicaid overpayments and delinquent tax assessments. Thus, Glessing's rights as a creditor are not impacted by DOH's retention of the *St. James* reimbursement to offset its claims. Under these circumstances, we hold that Glessing lacks standing to object to Supreme Court's imposition of the 30-day grace period (*see Dubroff v Evergreen Bank, Natl. Assn.*, 265 AD2d 644, 645-646 [1999]; *County of Tioga v Solid Waste Indus.*, 178 AD2d 873,

874-875 [1991]). Notably, petitioner—which also questions the propriety of the 30-day grace period—has not appealed and, thus, is not entitled to affirmative relief (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151 n 3 [2002]; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 689 [2002]; *see also* CPLR 5501 [a]; 5511).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.