■ In the Matter of the Acquisition of Real Property by the STATE OF NEW YORK. STATE OF NEW YORK, Respondent; KKS PROPERTIES, LLC, Appellant. [52 NYS3d 561]—

Aarons, J. Appeal from an order of the Court of Claims (Collins, J.), entered February 2, 2016, which, among other things, in a proceeding pursuant to EDPL articles 4 and 5, granted petitioner's cross motion for partial summary judgment.

In 2006, petitioner, State of New York, appropriated a parcel of property owned by claimant, KKS Properties, LLC, as part of a construction project to create a state road bypass. The appropriation bifurcated claimant's property into two parcels—an eastern parcel and a western parcel. As to the western parcel, claimant was given a 43-meter-wide access point from the bypass. Claimant negotiated with Vista Development, LLC, which owned a nearby property, regarding the location of a roundabout, which would give them both shared access from the bypass. These negotiations, however, were unsuccessful. The Town of Bethlehem Planning Board ultimately approved a modified master plan that called for the construction of a roundabout at a location which was different than where claimant and Vista Development had been discussing. According to claimant, this different location eliminated access to claimant's western parcel.

In 2007, claimant commenced a CPLR article 78 proceeding seeking, among other things, annulment of the Planning Board's determination approving the modified master plan, annulment of a permit issued by the Department of Transportation (hereinafter DOT) issued to Vista Development and injunctive relief. More specifically, claimant alleged in its petition that, as a result of the Planning Board's approval of the modified master plan, the location of a proposed roundabout was changed and that such change effectively denied access to claimant's western parcel. Claimant also alleged that DOT acted arbitrarily and capriciously when it issued a permit to Vista Development to construct the roundabout "without assuring access to [claimant's] landlocked parcel." In 2008, Supreme Court (Devine, J.) dismissed claimant's petition.

In 2009, claimant commenced this proceeding seeking damages as a consequence of the appropriation of claimant's land. Following a trial, the Court of Claims (Weinstein, J.) found that claimant sustained damages in the amount of $532,000. Upon claimant's appeal, this Court reversed the judgment on the basis that the Court of Claims was "without competent proof on which to base its valuation" and remitted the case for a new trial (119 AD3d 1033, 1037 [2014]). Claimant thereafter moved for summary judgment seeking a declaration that the western parcel was landlocked. Petitioner cross-moved for partial summary judgment seeking a declaration that the western parcel was not landlocked and that claimant had a 43-meter wide right of legal access. The Court of Claims found that claimant was collaterally estopped from litigating the issue of whether the western parcel was landlocked and, therefore, denied claimant's motion and granted petitioner's cross motion. This appeal by claimant ensued.

We affirm. Under the doctrine of collateral estoppel, a party is precluded from relitigating an issue "when it was clearly raised in a prior action or proceeding and decided against that party in a final judgment on the merits after a full and fair opportunity to be heard" (*Clark v Farmers New Century Ins. Co.*, 117 AD3d 1208, 1209 [2014], *lv denied* 24 NY3d 991 [2014]; *see Maki v Bassett Healthcare*, 141 AD3d 979, 981 [2016], *appeal dismissed, lv dismissed and lv denied* 28 NY3d 1130 [2017]; *Matter of Benedictine Hosp. v Glessing*, 47 AD3d 1184, 1186 [2008]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate

the issue in the prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985] [citations omitted]).

The issue of whether the western parcel was landlocked was litigated in the CPLR article 78 proceeding and resolved against claimant. In the CPLR article 78 proceeding, claimant argued that the new location where the roundabout was being constructed in accordance with the modified master plan would result in the western parcel being landlocked and, therefore, such construction should be enjoined. Supreme Court, however, concluded that injunctive relief was not warranted inasmuch as claimant's landlocked argument was "disingenuous and unpersuasive." Supreme Court also concluded that DOT did not act arbitrarily and capriciously when it granted Vista Development a permit to construct the roundabout. Supreme Court reasoned that "[claimant's] arguments are strictly based on where it would prefer the roundabout" and found that "[claimant's] property will not be landlocked." In view of the foregoing, petitioner established that the issue raised in claimant's motion for summary judgment was precisely the same issue raised and decided by Supreme Court in the CPLR article 78 proceeding (*see Matter of Hassig v New York State Dept. of Envtl. Conservation*, 6 AD3d 1007, 1008 [2004], *lv dismissed and denied* 3 NY3d 736 [2004]; *Casafina Enters. v Berkow*, 193 AD2d 946, 948 [1993]; *Matter of Van Wormer v Leversee*, 87 AD2d 942, 943 [1982]).

We reject claimant's assertion that Supreme Court's determination should not be accorded preclusive effect because it was without jurisdiction to decide the issue of whether the western parcel was landlocked. While the Court of Claims has "exclusive jurisdiction to hear and determine all claims arising from the acquisition of real property by . . . the people of the state of New York" (EDPL 501 [A]), it is nonetheless a court of limited jurisdiction and does not have the power to grant equitable relief (*see Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005]). Because claimant's CPLR article 78 proceeding sought equitable relief and was not primarily one for monetary damages, Supreme Court was within its jurisdiction to decide the landlocked land issue (*see generally Matter of Gross v Perales*, 72 NY2d 231, 235 [1988]). Further, even though the nature of the claims brought in claimant's CPLR article 78 proceeding and the instant proceeding differed, collateral estoppel is a narrower species of claim preclusion and bars "the relitigation of a discrete factual or legal issue" (*Matter of Ranni [Ross]*, 58 NY2d 715, 717 [1982]).

We also find no merit to claimant's contention that collateral

estoppel is inapplicable because Supreme Court dismissed the CPLR article 78 proceeding on the basis of mootness. Here, Supreme Court heard oral argument as to the merits of claimant's claims, considered the arguments and submitted proof and addressed the merits of each claim in its decision (*compare Matter of City of Oneida v Chassin*, 229 AD2d 855, 857 [1996]). As such, the landlocked land issue was "actually litigated and determined" (*Kaufman v Eli Lilly & Co.*, 65 NY2d at 456 [internal quotation marks and citations omitted]). Given that claimant failed to show that it was deprived of a full and fair opportunity to litigate the landlocked land issue, we find that the Court of Claims properly granted petitioner's cross motion based upon collateral estoppel (*see Town of Fort Ann v Liberty Mut. Ins. Co.*, 137 AD3d 1389, 1390 [2016]; *Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d 59, 63 [1986]).

Even if we agreed with claimant's contention that collateral estoppel was inapplicable, the record evidence, including the May 2006 acquisition map, demonstrates that claimant's western parcel was not landlocked inasmuch as claimant was reserved a 43-meter wide access point for such parcel (*see generally* Highway Law § 3 [2]).

McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.